# ELECTRONIC RECORD

COA #  02-16-00029-CR                OFFENSE:  10.02

STYLE:  Ex parte Jeffrey Peyton v.        COUNTY:  Wichita

COA DISPOSITION:  REVREM        TRIAL COURT:  30th District Court

DATE: 05/05/16        Publish: NO    TC CASE #:  56208-A

# IN THE COURT OF CRIMINAL APPEALS

STYLE:  Ex parte Jeffrey Peyton v.        CCA #: _____

_____ Petition    CCA Disposition: _____

FOR DISCRETIONARY REVIEW IN CCA IS:    DATE: _____

_____    JUDGE: _____

DATE: _____    SIGNED: _____    PC: _____

JUDGE: _____    PUBLISH: _____    DNP: _____

--------------------------

_____ MOTION FOR

REHEARING IN CCA IS: _____

JUDGE: _____

# 2nd Court of Appeals

Style: Criminal - Appellant  Ex parte Jeffrey Peyton

Criminal - State of Texas

Case Priority:     Priority

Original Proceeding:        No

Case Description:        Habeas Corpus - Bail

## Trial Court Information

| County | Court Name | Case # | Judge | Court Reporter |
|---|---|---|---|---|
| Wichita | 30th District Court | 56208-A | Hon. Robert P. Brotherton | 30th District Court, Court Reporter, |

## Events and Opinions

| Event Date | Stage | Event | Event Description | Disposition | Grouping | Order Type | Submission |
|---|---|---|---|---|---|---|---|
| 06/08/2016 | FILING | CASE FORWARDED | | | | | |
| 06/08/2016 | FILING | MT STAY MAND DISP | STA | GRANT | 02 | | |
| 05/20/2016 3:42PM | FILING | MT STAY MAND FLD | STA | | 02 | | |
| 05/05/2016 | FILING | MEM OPINION ISSD | | REVREM | | | |
| | | Opinion Type | Author | | | | |
| | | Original Memorandum | Justice Sue Walker | | | | |
| 05/03/2016 | FILING | SUBMITTED | | | | | Brief |
| 04/12/2016 3:24PM | FILING | EBRIEF FLD NO | STA | | | | |
| 04/12/2016 | FILING | SUBMISSION/ BRIEFS | | | | | Brief |
| 04/12/2016 | FILING | AT ISSUE | | | | | |
| 03/23/2016 4:34PM | FILING | EBRIEF FLD NO | APP | | | | |
| 03/10/2016 | FILING | MT EXT BRIEF DISP | APP | GRANT | 01 | | |
| 03/09/2016 4:31PM | FILING | MT EXT BRIEF FLD | APP | | 01 | | |
| 02/17/2016 1:28PM | FILING | ECLK RECORD FLD | DT CLK | | | | |
| 02/08/2016 3:45PM | FILING | RPT RECORD FLD | RPT | | | | |
| 01/28/2016 4:20PM | FILING | NOA FLD/COA | APP | | | | |



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00029-CR

| | | |
|---|---|---|
| Ex parte Jeffrey Peyton | § | From 30th District Court |
| | § | of Wichita County (56208-A) |
| | § | May 5, 2016 |
| | § | Opinion by Justice Walker |
| | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was error in the trial court's judgment. It is ordered that the judgment of the trial court is reversed, and this case is remanded to the trial court to set a reasonable bail; to determine what additional conditions, if any, should be imposed; and to allow the State and Peyton to present any additional evidence or argument that the trial court deems relevant to each of the factors discussed in the opinion.

SECOND DISTRICT COURT OF APPEALS

By /s/ Sue Walker
    Justice Sue Walker



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00029-CR

EX PARTE JEFFREY PEYTON

----------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 56208-A

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Applicant Jeffrey Peyton appeals from the trial court's denial of his pretrial application for writ of habeas corpus seeking a bail reduction.[2]  Because we

---

[1]*See* Tex. R. App. P. 47.4.

[2]Because this is an appeal from the denial of an application for habeas corpus relief and not an appeal from an order setting bail or from the denial of a pretrial motion for bail reduction, we have jurisdiction over this appeal.  *See Ragston v. State*, 424 S.W.3d 49, 50 (Tex. Crim. App. 2014); *Ex parte Briscoe*, No. 02-15-00223-CR, 2015 WL 5893470, at *4 (Tex. App.—Fort Worth Oct. 8, 2015, no pet.) (mem. op., not designated for publication); *Vasquez v. State*, Nos.

conclude that the trial court abused its discretion by failing to reduce the bail amount based on the proffered evidence, we reverse the trial court's order and remand to that court to set a reasonable bail.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2015, a magistrate determined that there was probable cause to issue an arrest warrant for Peyton based on an affidavit sworn to by John E. Laughlin, a peace officer of the City of Wichita Falls Police Department. *See* Tex. Code Crim. Proc. Ann. art. 15.03(a) (West 2015). In the affidavit, Officer Laughlin stated that he had probable cause to believe that on June 30, 2015, Peyton committed the offense of "Criminal Solicitation – Capital Murder." *See* Tex. Penal Code Ann. § 15.03 (West 2011). Officer Laughlin further attested to the following sequence of events:

- On June 26, 2015, a cooperating witness contacted the Wichita Falls Police Department about a possible murder for hire. Officer Laughlin met with the cooperating witness who explained that Peyton and his wife had asked him to find a person willing to "take out" their daughter's boyfriend, Vincent Cole, for $300. The cooperating witness provided Officer Laughlin with recordings he had made of his conversations with Peyton and his wife. Officer Laughlin contacted Officer Karen Wade from the Organized Crime Unit to assist with the investigation.

- On June 29, 2015, the cooperating witness introduced Officer Wade to Peyton and his wife. Officer Wade recorded her conversation with Peyton and his wife, who stated that they were willing to pay to have their daughter's boyfriend gone "permanently." They arranged to meet with Officer Wade again the following day.

---

03-13-00717-CR, 03-13-00718-CR, 2014 WL 3732962, at *1 n.2 (Tex. App.—Austin July 25, 2014, no pet.) (mem. op., not designated for publication) (collecting cases).

- Around 11:00 a.m. on June 30, 2015, the cooperating witness took Peyton's wife to a bank at her request and direction and recorded the conversation that took place. Peyton's wife intimated that she was getting money from the bank to complete a transaction with Officer Wade. While talking about Cole, Peyton's wife stated, "I want him gone. Not out of town gone. I want him dead gone." Peyton's wife further stated that she and Peyton planned to take their daughter to a movie so that she would not be around "the day this happens."

- Around 12:30 p.m. on June 30, 2015, Officer Wade contacted Peyton by phone and explained that it would cost more than $300 to have someone kill Cole. Peyton then offered to pay $500 to have Cole killed.

- Around 1:45 p.m. on June 30, 2015, Officer Wade met Peyton in a parking lot. During the recorded meeting, Peyton gave Officer Wade three $100 bills and promised to pay an additional $200 after Cole was killed. Peyton also provided Officer Wade with a photograph of Cole. Officer Wade offered Peyton an opportunity to back out of the transaction, but Peyton refused and indicated that he and his wife wanted to go through with the plan.

- On July 2, 2015, Officer Laughlin contacted Cole and explained the preceding events. Cole agreed to cooperate with the investigation, and a photograph was created that made it look like he had been shot to death.

- Later on July 2, 2015, Officer Wade contacted Peyton by phone and arranged to meet him. When they met a short time later, Officer Wade showed Peyton the staged photograph of Cole. Peyton then gave Officer Wade $200.

After Peyton's arrest, bail was set at $1,000,000.[3] Peyton filed an application for writ of habeas corpus and argued that his bail was unlawfully excessive. Peyton requested that the trial court "grant him a personal recognizance bond or, in the alternative, set bail in a reasonable amount."

---

[3]As part of the conditions of bail, the magistrate ordered that Peyton "not make contact with the alleged victim, or any member of his family, nor cause any other person to make said contact."

At the hearing on Peyton's application for writ of habeas corpus, Peyton testified that he is fifty-eight years old and has lived in Wichita Falls for the majority of his life, including the past twenty-five years. Peyton does not have family members who are still alive, other than his wife. Peyton served in the United States Navy from 1974 to 1978 and received an honorable discharge. He testified that he had never been convicted of a felony but admitted that he had been arrested several times for public intoxication and one time on a warrant for an unpaid ticket for no automobile insurance.

Peyton testified that he is unable to make bail while it is set at $1,000,000. He explained that he is unable to work due to a disability and that he receives veterans' benefits and Social Security disability benefits totaling approximately $1,240 each month. At the time he requested court-appointed counsel, he had approximately $1,500 in the bank, owned a nonoperational vehicle worth approximately $500, and owned furniture or jewelry worth approximately $500. He does not own a house. Peyton testified that he has the ability to make bail if it is set at $10,000 because he can sell his firearms. Peyton said that if he were released, he would live with a friend at the French Quarter Apartments and that he could obtain rides from friends to appear for any court dates. Peyton testified that he is willing to comply with conditions of bail such as curfew, home confinement, electronic monitoring, and drug testing and that he is willing to seek court approval before leaving the state for any trips to the VA hospital in

4

Oklahoma City. Peyton said that he has every intention of fighting the charges alleged.

In opposing any reduction in the bail amount, the State admitted into evidence Officer Laughlin's probable-cause affidavit, the relevant portions of which are set forth above, and asked the trial court to take judicial notice of the indictment. The State then rested.

The trial court denied Peyton's application and continued bail in the amount of $1,000,000.[4] Peyton then filed this appeal, and we requested briefing. *See* Tex. R. App. P. 31.1.

### III. STANDARD OF REVIEW AND LAW ON BAIL

We review a trial court's ruling on the setting of bail for an abuse of discretion. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015); *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the trial court's action was arbitrary or unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Merely because a trial court may decide a matter within its discretion in a different

---

[4]After the trial court announced its decision on the record, Peyton argued that his situation raised the same constitutional concerns addressed in Judge Cochran's concurring opinion to the refusal of the petition for discretionary review in *Ex parte Benefield*. 403 S.W.3d 240 (Tex. Crim. App. 2013) (Cochran, J., concurring). The trial court stated that it was familiar with that case but did not change its ruling.

5

manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

The primary purpose of an appearance bond is to secure the presence of the defendant at trial on the offense charged. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). Federal and state law both prohibit the imposition of excessive bail, which is bail that is "set in an amount greater than is reasonably necessary to satisfy the government's legitimate interests." *Ex parte Beard*, 92 S.W.3d 566, 573 (Tex. App.—Austin 2002, pet. ref'd); *see* U.S. Const. amend. VIII; Tex. Const. art. I, § 13. The defendant bears the burden of proving that bail, as set, is excessive. *Rubac*, 611 S.W.2d at 849. Bail may be deemed oppressive when the trial court sets it at an amount "for the express purpose of forcing [a defendant] to remain incarcerated." *Ex parte Harris*, 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.).

Statutory and common-law factors guide a trial court's determination of appropriate bail. The code of criminal procedure provides,

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate[,] or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.

6

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15. In addition to these statutory factors, the court of criminal appeals has instructed courts to also consider the accused's work record, the accused's family ties, the accused's length of residency, the accused's prior criminal record, the accused's conformity with the conditions of any previous bond, the existence of any outstanding bonds, and aggravating circumstances alleged to have been involved in the charged offense. *Rubac*, 611 S.W.2d at 849–50.

## IV. TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO REDUCE BAIL

We recognize that any review of a bail determination is, by nature, imprecise, but we are guided by article 17.15. *See Ex parte Pemberton*, 577 S.W.2d 266, 267 (Tex. Crim. App. [Panel Op.] 1979).

### A. Statutory Factors

### 1. Assure Appearance Without Oppression

### (First, Second, and Fourth Factors)

The primary purpose in setting a bail amount and the first listed factor in article 17.15 is the reasonable assurance that the applicant will appear for court. *See* Tex. Code Crim. Proc. Ann. art. 17.15(1); *Vasquez*, 558 S.W.2d at 479. Peyton testified that he has lived in Wichita Falls for the majority of his life,

7

including the past twenty-five years. Peyton said that if he were released, he would live with a friend at an apartment complex in Wichita Falls and would be able to obtain transportation to any court appearances. Peyton testified that he would comply with any conditions of bail that might be imposed and that he would seek court approval before leaving the state for any trips to the VA hospital in Oklahoma City. The State presented no evidence that Peyton is a flight risk or that he has outstanding bonds or warrants. Based on these facts, the trial court had reasonable assurance that Peyton would appear for court; thus, this factor indicates that a reduction in bail is appropriate. *Cf. In re Durst*, 148 S.W.3d 496, 501 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (op. on reh'g) (considering conditions imposed by trial court to ensure defendant's appearance and reducing bail to $150,000 for each of three third-degree felonies charged).

With regard to the second factor—that bail not be oppressive, the record demonstrates that Peyton is disabled, has minimal assets and income, and does not have the ability to satisfy a $1,000,000 bail bond. *See* Tex. Code Crim. Proc. Ann. art. 17.15(2). This factor demonstrates that bail in the amount set is oppressive. *See Ex parte Bogia*, 56 S.W.3d 835, 840 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (holding that $360,000 bail for second-degree felony of theft was oppressive because it was not justified by any unusual circumstances).

Similar to the second factor, the fourth factor mandates consideration of an applicant's ability to make bail, which is relevant but not controlling. *See* Tex. Code Crim. Proc. Ann. art. 17.15(4); *Ex parte Sabur-Smith*, 73 S.W.3d 436, 440

8

(Tex. App.—Houston [1st Dist.] 2002, no pet.). Bail set in an amount that cannot be satisfied has the potential to displace the presumption of innocence. *See Bogia*, 56 S.W.3d at 840. The record is clear that Peyton cannot satisfy a $1,000,000 bail bond and that he does not have any family to assist him in making bond. Peyton does not own a house or an operational vehicle and is disabled and therefore unable to work; his monthly income consists of $367 in veterans' benefits and an unspecified amount in Social Security disability benefits. Peyton testified that he could satisfy a bail of $10,000 by selling some guns that he owns. This factor weighs in favor of reduced bail. *See* 41 George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice & Procedure* § 21:27 (3d ed. 2011) (stating that "the less resources he has, the more likely it will be that a lower amount will create a sufficient incentive to appear").

### 2. Nature of the Offense (Third Factor)

With regard to the third factor—the nature of the offense and the circumstances under which it was committed, the record includes the probable-cause affidavit, which was admitted into evidence by the State at the hearing. *See* Tex. Code Crim. Proc. Ann. art. 17.15(3). The facts in the probable-cause affidavit are disturbing and allege that Peyton was involved in soliciting someone to murder his daughter's boyfriend. If convicted of criminal solicitation to commit capital murder, which is a first-degree felony, Peyton faces a punishment range of five to ninety-nine years' confinement and a possible fine not to exceed

9

$10,000. *See* Tex. Penal Code Ann. § 12.32 (West 2011), § 15.03(d)(1). The severity of the offense justifies a high bail amount.

In other cases involving solicitation of capital murder, courts have approved bail in amounts ranging from $20,000 to $750,000—with the higher end of the range used for multiple charges of solicitation of capital murder. *See, e.g.*, *Ex parte Parish*, 598 S.W.2d 872, 873 (Tex. Crim. App. [Panel Op.] 1980) (reducing bail from $100,000 to $20,000 on solicitation of capital murder charge); *Cooley v. State*, 232 S.W.3d 228, 238 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (upholding total bail of $750,000 on three solicitation of capital murder charges); *Ex parte Chachere*, No. 03-01-00404-CR, 2002 WL 99642, at *4 (Tex. App.—Austin Jan. 25, 2002, no pet.) (not designated for publication) (reducing bail from $700,000 to $250,000 on solicitation of capital murder charge); *Perry v. State*, No. 14-99-01161-CR, 1999 WL 1267196, at *3 (Tex. App.—Houston [14th Dist.] Dec. 30, 1999, no pet.) (not designated for publication) (upholding $100,000 bail on solicitation of capital murder charge); *Ex parte Welch*, 729 S.W.2d 306, 310 (Tex. App.—Dallas 1987, no pet.) (upholding total bail of $300,000 on two pending solicitation of capital murder charges). *But see Ex parte Pulte*, No. 02-03-00202-CR, 2003 WL 22674734, at *2 (Tex. App.—Fort Worth Nov. 13, 2003, no pet.) (not designated for publication) (holding $1,000,000 bail not excessive for solicitation of murder when record showed that defendant possessed assets, defendant had failed to offer evidence of bond he could make, and defendant had committed offense for which bail was sought

while on bond for related offense).  However, "'[c]ase law is of relatively little value in addressing the ultimate question of the appropriate amount of bail in a particular case' because . . . the 'cases are so individualized that generalization from results reached in others is difficult.'"  *Beard*, 92 S.W.3d at 571 (citing 41 George E. Dix. & Robert O. Dawson, *Texas Practice:  Criminal Practice and Procedure* § 16.51 (2d ed. 2001)).  In any event, while the nature-of-the-offense factor justifies setting a significant bail amount, $1,000,000 exceeds the upper end of the range of approved amounts for bail in cases involving solicitation of capital murder.

### 3.  Safety (Fifth Factor)

The fifth factor we consider is the future safety of the community.  *See* Tex. Code Crim. Proc. Ann. art. 17.15(5).  Peyton has no prior felony convictions.  Peyton's bail contains the condition that Peyton "not make contact with the alleged victim, or any member of his family, nor cause any other person to make said contact."  This factor, while difficult to analyze, reflects that the high amount of Peyton's bail is not sufficiently related to community safety.  *See Briscoe*, 2015 WL 5893470, at *4 (citing 41 Dix & Schmolesky*, supra*, § 21:29).

### B.  Other Considerations

Finally, we look to other relevant considerations.  Peyton, who is fifty-eight years old, has lived in Wichita County the majority of his life, including the last twenty-five years.  Although most of his family is now deceased, he still has his wife and friends in Wichita Falls.  Peyton is not able to work due to a disability.

11

Peyton's only prior arrests were for public intoxication and a warrant for failing to pay a ticket for no automobile insurance. The record does not contain evidence regarding any aggravating circumstances alleged to have been involved in the charged offense. These considerations demonstrate that although Peyton was arrested for a first-degree felony, he has "an incentive to remain despite the possibility of conviction and sentence," and he testified that he has every intention of fighting the charges alleged. *See id.* (citing 41 Dix & Schmolesky, *supra*, § 21:30).

### C. Outcome

Although the nature of the offense and the circumstances surrounding it are severe, the other factors to be considered in setting reasonable bail establish that the $1,000,000 bail set here is excessive because it is set in an amount greater than necessary to ensure Peyton's appearance. Because Peyton has carried his burden of proving that bail in the amount of $1,000,000 is excessive, we hold that the trial court abused its discretion by failing to reduce the bail amount based on the evidence before it. *See* Tex. Code Crim. Proc. Ann. art. 11.24 (West 2015) ("If the proof sustains the petition, it will entitle the party to . . . have the bail reduced."); *Parish*, 598 S.W.2d at 873 (reducing bail from $100,000 to $20,000 for solicitation of capital murder); *see also Briscoe*, 2015 WL 5893470, at *4 (holding that $1,000,000 bail in injury-to-a-child case was excessive and that trial court abused its discretion by failing to reduce that amount).

## V. CONCLUSION

We therefore reverse the trial court's order denying habeas relief and remand this case to the trial court to set a reasonable bail; to determine what additional conditions, if any, should be imposed; and to allow the State and Peyton to present any additional evidence or argument that the trial court deems relevant to each of the factors discussed above. *See* Tex. R. App. P. 31.3; *Ex parte Brooks*, 376 S.W.3d 222, 224 (Tex. App.—Fort Worth 2012, pet. ref'd.).


/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 5, 2016

13

R E P O R T E R'S   R E C O R D

VOLUME 1 OF 3

COURT OF APPEALS NO. 02-16-00020-CR

CAUSE NO. 56,208-A

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
2/8/2016 3:45:44 PM
DEBRA SPISAK
Clerk

THE STATE OF TEXAS          *  IN THE 30TH DISTRICT COURT
                            *
VS.                         *
                            *
JEFFREY BRYAN PEYTON        *  OF WICHITA COUNTY, TEXAS


_____

MASTER INDEX

_____


On the 22nd day of January, 2016, the above-entitled cause came on for trial in the above-entitled and numbered Court before the Honorable Robert P. Brotherton, judge presiding, held in Wichita Falls, Wichita County, Texas.

Proceedings reported by computerized Stenotype machine; record produced by computer-assisted transcription.


LESLIE C. RYAN-HASH, CSR
OFFICIAL COURT REPORTER
(940) 766-8180

A P P E A R A N C E S:


Mr. John Gillespie (SBOT #24010053)
Wichita County District Attorney's Office
Wichita County Courthouse
900 7th Street
Wichita Falls, Texas  76301
(940) 766-8113
Attorney for the State


Mr. Brennon Brady (SBOT #24038120)
Wichita County Public Defender's Office
600 Scott Street, Suite 204
Wichita Falls, Texas  76301
(940) 766-8199
Attorney for the Defendant

**M A S T E R   I N D E X**

|  | PAGE | VOL |
|---|---|---|
| Proceedings................................ | 6 | 2 |
| Defendant announces ready.................. | 6 | 2 |
| State announces ready..................... | 6 | 2 |

| DEFENDANT'S WITNESS | DIRECT | CROSS | VOL |
|---|---|---|---|
| Jeffrey Peyton | 7 |  | 2 |

|  | PAGE | VOL |
|---|---|---|
| Defendant rests........................... | 12 | 2 |
| State rests............................... | 12 | 2 |
| Court's Ruling............................ | 13 | 2 |
| Hearing concluded......................... | 14 | 2 |
| Reporter's Certificate.................... | 15 | 2 |

ALPHABETICAL INDEX OF WITNESSES

| WITNESSES | DIRECT | CROSS | VOL |
|---|---|---|---|
| Peyton, Jeffrey | 7 | | 2 |

M A S T E R   E X H I B I T S

STATE'S EXHIBITS

| NO. | DESCRIPTION | OFFER | ADMIT | VOL |
|---|---|---|---|---|
| 1 | Warrant of Arrest and Detention | 12 | 12 | 2 |

THE STATE OF TEXAS          )

COUNTY OF WICHITA          )

I, Leslie C. Ryan-Hash, Official Court Reporter in and for the 30th District Court of Wichita County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $297.50 and will be paid by Wichita County.

WITNESS MY OFFICIAL HAND this the 9th day of February, 2016.

```
                         /s/ Leslie C. Ryan-Hash
                        Leslie C. Ryan-Hash, CSR
                        Official Court Reporter
                        Cert. No. 5164/Expires 12/31/17
                        900 7th Street, Room 360
                        Wichita County Courthouse
                        Wichita Falls, TX  76301
                        (940)766-8180/(940)766-8253
                        Leslie.Ryan-Hash@co.wichita.tx.us
```

R E P O R T E R ' S   R E C O R D

VOLUME 2 OF 3

COURT OF APPEALS NO. 02-16-00028-CR

CAUSE NO. 56,208-A

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
2/8/2016 3:45:44 PM
DEBRA SPISAK
Clerk

THE STATE OF TEXAS * IN THE 30TH DISTRICT COURT
 *
VS. *
 *
JEFFREY BRYAN PEYTON * OF WICHITA COUNTY, TEXAS

_____

HABEAS CORPUS

_____

On the 22nd day of January, 2016, the above-entitled cause came on for trial in the above-entitled and numbered Court before the Honorable Robert P. Brotherton, judge presiding, held in Wichita Falls, Wichita County, Texas.

Proceedings reported by computerized Stenotype machine; record produced by computer-assisted transcription.

LESLIE C. RYAN-HASH, CSR
OFFICIAL COURT REPORTER
(940) 766-8180

APPEARANCES:

Mr. John Gillespie (SBOT #24010053)
Wichita County District Attorney's Office
Wichita County Courthouse
900 7th Street
Wichita Falls, Texas  76301
(940) 766-8113
Attorney for the State


Mr. Brennon Brady (SBOT #24038120)
Wichita County Public Defender's Office
600 Scott Street, Suite 204
Wichita Falls, Texas  76301
(940) 766-8199
Attorney for the Defendant

**I N D E X**

|                                    | PAGE   | VOL |
|------------------------------------|--------|-----|
| Proceedings......................  | 6      | 2   |
| Defendant announces ready........  | 6      | 2   |
| State announces ready............  | 6      | 2   |

| DEFENDANT'S WITNESS      | DIRECT | CROSS | VOL |
|-------------------------|--------|-------|-----|
| Jeffrey Peyton          | 7      | 7     | 2   |

|                                    | PAGE   | VOL |
|------------------------------------|--------|-----|
| Defendant rests..................  | 12     | 2   |
| State rests......................  | 12     | 2   |
| Court's Ruling...................  | 13     | 2   |
| Hearing concluded................  | 14     | 2   |
| Reporter's Certificate...........  | 15     | 2   |

ALPHABETICAL INDEX OF WITNESSES

| WITNESSES | DIRECT | CROSS | VOL |
|---|---|---|---|
| Peyton, Jeffrey | 7 | 7 | 2 |

EXHIBITS

STATE'S EXHIBITS

| NO. | DESCRIPTION | OFFER | ADMIT | VOL |
|-----|-------------|-------|-------|-----|
| 1 | Warrant of Arrest and Detention | 12 | 12 | 2 |

P R O C E E D I N G S

(Open court, Defendant present.)

(State's Exhibit No. 1 marked.)

THE COURT:  This is Cause No. 56,208-A, The State of Texas vs. Jeff Peyton.  The matter set for hearing is the Defendant's Application for Writ of Habeas Corpus seeking bail reduction.

Is the defense ready?

MR. BRADY:  Ready, Your Honor.

THE COURT:  Is the State ready?

MR. GILLESPIE:  State's ready, Your Honor.

THE COURT:  Are you Jeff Peyton?

THE WITNESS:  Yes, sir.

THE COURT:  All right.  Mr. Brady, you may proceed.

MR. BRADY:  Thank you, Your Honor.  I'd just like for the record to reflect that the application misstates the bail amount.  I believe it's just a typo.  The bail in this case, I believe, is set at $1 million.  I'd point that out for the Court and the record.

THE COURT:  That's correct.

MR. BRADY:  Judge, we'll call Jeff Peyton as our witness.

THE COURT:  All right.

(The witness was sworn by the Court.)

THE WITNESS:  Yes, Your Honor.

THE COURT:  Okay.  Go ahead.

JEFF PEYTON,

having been first duly sworn, testified as follows:

DIRECT EXAMINATION

BY MR. BRADY:

Q.   If you could speak up for the court reporter, she's taking down everything and so the Judge can hear you.

A.   Okay.

Q.   Will you introduce yourself to the Judge.

A.   Yes, sir.  I'm Jeff Peyton, Your Honor.

Q.   And how old are you, Jeff?

A.   I'm 58 years old.

Q.   And where have you lived the majority of your life?

A.   Wichita Falls, Texas.

Q.   And it's my understanding that you're a veteran; is that correct?

A.   Yes, sir.

Q.   And what branch of the service did you serve?

A.   Navy.

Q.   And how many years were you in the Navy and what years were those?

A.   Four years from 1974 to 1978.

Q.   And were you honorably discharged?

A.   Yes, sir.

Q.   Have you ever been convicted of a felony in your life?

A.   No, sir.

Q.   Aside from traffic tickets, have you ever been arrested?

A.   Yes, sir.

Q.   Okay.  What were you arrested for?

A.   Several times for public intox and one time for warrant for no insurance ticket.  I think it was 1995.

Q.   So those were Class C tickets type situations, no misdemeanor Class Bs and above?

A.   No, sir.

Q.   Okay.  And how long have you actually lived in Wichita Falls, Texas?

A.   I've lived here from 1978 to 1984; moved to California for two and a half years.  From there I moved to Hawaii for five years and then I came back here.  I've been back here twenty-five years.

Q.   And have you lived in the City of Wichita

Falls?

A.   Yes.

Q.   And Wichita County?

A.   Yes, sir.

Q.   Your current bail is set at $1 million.  Do you currently have the means to make that bail?

A.   No, sir.

Q.   What bail amount do you have the ability to make at this time?

A.   $10,000.

Q.   Is that based on the assets that you have and you believe you can sell?

A.   Yes, sir.

Q.   Okay.  And what are those assets?

A.   I have some guns I could sell to make bond.

Q.   And do you have a vehicle that's operational at this time?

A.   No, sir.

Q.   Okay.  How are you planning on getting to court?

A.   Rides from friends.

Q.   And where would you live if you were released?

A.   French Quarter Apartments with a friend of mine.

Q.   And has he told you that he was willing to let you stay with him?

A.   Yes, sir.

Q.   And what do you do for income when you're out?

A.   I get a small check from the VA, 367 a month, and I've got Social Security disability.

Q.   And so you're unable to work?

A.   Yes, sir.

Q.   Have you been able to support yourself over the past twenty-five years or so, or however long you've been on the disability, with that?

A.   Yes, sir.

Q.   You're -- are you willing to comply with conditions of bail such as curfew, home confinement, electronic monitoring, and drug testing if you were released?

A.   Yes, sir.

Q.   Do you have any intentions of leaving the jurisdiction, flee on these charges?

A.   No, sir.  The only time I might have to leave would be go to the VA hospital in Oklahoma City.

Q.   And you would be willing to get Court approval prior to doing that?

A.   Yes, sir.

Q.   Now, as far as family ties go, it's my understanding that you don't have very many family members around left, do you?

A.   I don't have any family members left except my wife.

Q.   That's because they've passed away?

A.   Yes, sir.

Q.   Now, you understand you're looking at up to life in prison.  Does that -- does that fact make you want to run and not face these charges?

A.   No, sir.

Q.   Do you have every intention of fighting these charges?

A.   Yes, sir.

Q.   Would you like to be given an opportunity to be free and prove to the Court that you're able to comply with conditions of bond and show up for pretrial hearings and that sort of thing?

A.   Yes, sir.

Q.   Now, do you have any kind of mental health issues that you need to work on or get addressed out there?

A.   Not at the present time.

Q.   Okay.

MR. BRADY:  Judge, I'll pass the witness at this time.

THE COURT:  Mr. Gillespie.

MR. GILLESPIE:  I have no questions, Your Honor.

THE COURT:  Okay.  Next witness?

MR. BRADY:  This is the only witness I have, Your Honor.  Defense will rest.

THE COURT:  All right.  Mr. Gillespie?

MR. GILLESPIE:  I'd offer State's 1, the probable cause affidavit in this case.

MR. BRADY:  No objection to State's 1, Your Honor.

THE COURT:  It's admitted.

(State's Exhibit No. 1 admitted.)

MR. GILLESPIE:  And I also ask the Court to take notice of the indictment in this case, judicial notice of it.

THE COURT:  Any objection?

MR. BRADY:  No objection, Judge.

THE COURT:  Court will take judicial notice of the indictment.

MR. GILLESPIE:  And the State would rest.

THE COURT:  All right.  Let's go off

the record.

(Off the record.)

(On the record.)

THE COURT:  All right.  We'll go back on the record.  Mr. Peyton, Mr. Brady, the motion is denied.

MR. BRADY:  Thank you, Your Honor.

Judge, I might just put on the record that I have a case here that I'd like to point out. It's a concurring opinion.  But the Court of Criminal Appeals kinda gave me a hard time about not raising it, and it's Ex Parte Benefield, 403 S.W.3d.

THE COURT:  I'm familiar with that case.

MR. BRADY:  Huh?

THE COURT:  I said I'm familiar with that case.

MR. BRADY:  I know, Judge.  Well, the Court said that I didn't raise some issues at the -- because the petition does not clearly raise these difficult issues, I'd just say the current situation of Mr. Peyton raises the constitutional concerns that are pointed out by the concurring opinion in that case.

THE COURT:  All right.  So noted, Mr.

Brady.  Thank you.

MR. BRADY:  Thank you, Your Honor. I'll prepare you an order, Judge.

THE COURT:  Okay.

(Hearing concluded.)

THE STATE OF TEXAS          )

COUNTY OF WICHITA           )

I, Leslie C. Ryan-Hash, Official Court Reporter in and for the 30th District Court of Wichita County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $297.50 and will be paid by Wichita County.

WITNESS MY OFFICIAL HAND this the 9th day of February, 2016.

      /s/ Leslie C. Ryan-Hash
Leslie C. Ryan-Hash, CSR
Official Court Reporter
Cert. No. 5164/Expires 12/31/17
900 7th Street, Room 360
Wichita County Courthouse
Wichita Falls, TX  76301
(940)766-8180/(940)766-8253
Leslie.Ryan-Hash@co.wichita.tx.us

R E P O R T E R ' S   R E C O R D

VOLUME 3 OF 3

COURT OF APPEALS NO. 02-16-00020-CR

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
2/8/2016 3:45:44 PM
DEBRA SPISAK
Clerk

CAUSE NO. 56,208-A

THE STATE OF TEXAS          *  IN THE 30TH DISTRICT COURT
                            *
VS.                         *
                            *
JEFFREY BRYAN PEYTON        *  OF WICHITA COUNTY, TEXAS

———————————————————————————————————————

EXHIBIT INDEX

———————————————————————————————————————

On the 22nd day of January, 2016, the above-entitled cause came on for trial in the above-entitled and numbered Court before the Honorable Robert P. Brotherton, judge presiding, held in Wichita Falls, Wichita County, Texas.

Proceedings reported by computerized Stenotype machine; record produced by computer-assisted transcription.

LESLIE C. RYAN-HASH, CSR
OFFICIAL COURT REPORTER
(940) 766-8180

A P P E A R A N C E S:


Mr. John Gillespie (SBOT #24010053)
Wichita County District Attorney's Office
Wichita County Courthouse
900 7th Street
Wichita Falls, Texas  76301
(940) 766-8113
Attorney for the State


Mr. Brennon Brady (SBOT #24038120)
Wichita County Public Defender's Office
600 Scott Street, Suite 204
Wichita Falls, Texas  76301
(940) 766-8199
Attorney for the Defendant

M A S T E R   E X H I B I T S

STATE'S EXHIBITS

| NO. | DESCRIPTION | OFFER | ADMIT | VOL |
|-----|-------------|-------|-------|-----|
| 1 | Warrant of Arrest and Detention | 7 | 7 | 2 |

THE STATE OF TEXAS          )

COUNTY OF WICHITA          )

                I, Leslie C. Ryan-Hash, Official Court Reporter in and for the 30th District Court of Wichita County, State of Texas, do hereby certify that the foregoing exhibits constitute true and complete duplicates of the original exhibits, excluding physical evidence admitted, tendered in an offer of proof or offered into evidence during the trial in the above entitled and numbered cause as set out herein before the Honorable Robert P. Brotherton, Judge of the 30th District Court of Wichita County, January 22, 2016.

                I FURTHER CERTIFY that the total cost for the preparation of this Reporter's Record is $297.50 and will be paid by Wichita County.

                WITNESS MY OFFICIAL HAND this the 9th day of February, 2016.


\S\ LESLIE C. RYAN-HASH
Leslie C. Ryan-Hash, CSR
Official Court Reporter
Cert. No. 5164/Expires 12/31/17
900 7th Street, Room 360
Wichita Falls, TX  76301
(940)766-8180/(940)766-8253
Leslie.ryan-hash@co.wichita.tx.us

STATE'S EXHIBIT NO. 1

**WARRANT OF ARREST AND DETENTION**

WICHITA COUNTY, TEXAS

**WFPD CASE # 15-061632**
**WARRANT NUMBER 01-135098**
BOND AMOUNT $ 1,000,000.00

In the Name of the State of Texas,
To any Sheriff, Constable or Peace Officer of the State of Texas, Greetings:
      YOU ARE HEREBY COMMANDED TO TAKE INSTANTER THE BODY OF:

**Jeffrey Bryan Peyton**

Hereinafter referred to as the suspect, and bring the said suspect before a Magistrate in and for Wichita County, Texas, instanter, then and there to answer the State of Texas for an offense against the laws of said State, to-wit:

**Criminal Solicitation - Capital Murder**

of which **FELONY** offense the said suspect is accused by the written affidavit, under oath of

**John E. Laughlin / WFPD #571**

filed before me anterior to the issuance of this warrant.
      Herein fail not and due return make hereof at the place hereinafter named.

Witness my official signature this the
2nd Day of July,2015.

_____
JUSTICE OF THE PEACE/MAGISTRATE

WICHITA COUNTY, TEXAS

**************************************ADMINISTRATIVE DATA********************************
State of Texas vs.  **Jeffrey Bryan Peyton**
Race:  W      Sex:  M      DOB:  05/21/1957      Ht:  508      Wt:  170
Hair:  Brn            Eyes:  Blu            DL:   TX / 15508343
Address:   207 Carolina Apt. B, Wichita Falls, TX 76306
Complainant:  **Vincent Wade Cole**
Date of Offense:   06/30/2015
Arrest Warrant issued To: WCSO/WFPD/DA/JP            Arrest Status:   At Large
Employer: None
Employer Address: N/A
========================= =====RETURN=============================
Came to hand _____ day of _____ 2015, at _____o'clock, and executed on the _____ day
of _____ 2015, at _____o'clock __M., by arresting and detaining the within named at
_____ in Wichita County, Texas      *taking his/her bond      *placing
him/her in jail at _____.

I actually and necessarily traveled _____ miles in the service of this writ and in addition to any other mileage I may have traveled in the service of other process during the same trip.

FEES -   Making Arrest. . . . . . . $_____ WFPD
         Mileage . . . . . . . . . . $_____
         Taking Bond. . . . . . . $_____
         Commitment . . . . . . . $_____
         Release . . . . . . . . . . $_____
         TOTAL . . . . . . . . . . $_____            BY _____

STATE'S
EXHIBIT
1
1/22/16



| THE STATE OF TEXAS | **AFFIDAVIT FOR ARREST WARRANT** | COUNTY OF WICHITA |

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant, who after being duly sworn by me, on oath stated: My name is **John E. Laughlin / WFPD #571**, and I have good reason to believe that on or about the <u>30th</u> day of <u>June, 2015,</u> in Wichita County, Texas, one

NAME OF SUSPECT: **Jeffrey Bryan Peyton**

Did then and there commit the offense of

OFFENSE: **Criminal Solicitation - Capital Murder**

A violation of Section <u>15.03</u> of the <u>Texas Penal Code</u>, a <u>Felony of the 1ˢᵗ degree</u>

Affiant's belief is based upon the following facts and information:

☒ Affiant's personal investigation of this alleged offense.

☒ <u>Karen Wade</u>, a fellow peace officer of the City of Wichita Falls Police Department, Wichita County, Texas, who personally participated in the investigation of this alleged offense, providing this information to affiant, and whose information affiant believes to be credible.

On the basis of facts developed during the investigation of this offense, it is believed that the suspect, on or about the date of <u>June 30, 2015</u>, committed the offense of **Criminal Solicitation - Capital Murder**, at the following location: 513 North Martin Luther King Jr. Blvd, Wichita Falls, Wichita County, Texas.

The facts also involve a:



☒ accomplice: Christina June Peyton

## The facts of the offense are as follows:

On 06/26/2015, a cooperating witness contacted the Wichita Falls Police Department about a possible murder for hire. Your affiant met with the cooperating witness and he explained that subjects known to him, Jeffrey and Christina Peyton, asked him to help them find a person willing to "take out" their daughter's boyfriend, Vincent Cole, for three hundred dollars. The cooperating witness also provided your affiant with recordings he made of the conversations he had with Jeffrey and Christina Peyton. Your affiant reviewed the recordings from the cooperating witness and coroborated the information he had provided. Officer Karen Wade from the W.F.P.D. Organized Crime Unit then assisted your affiant with a follow up investigation.

On 6/29/2015, the cooperating witness facilitated an introduction of Officer Wade to Jeffrey and Christina Peyton. Officer Wade, posing as an intermediary for the subject to be hired, then recorded her undercover contacts with Jeffrey and Christina Peyton. Jeffrey and Christina Peyton told Officer Wade they were willing to pay to have their daughter's boyfriend, Vincent Cole, gone "permantly" and then arranged a meeting with Officer Wade on 06/30/2015.

At approximately 1112 hours on 06/30/2015, the cooperating witness took Christina Peyton to a bank at her request and direction. The cooperating witness recorded his interaction with Christina Peyton and your affiant later reviewed the recording. Christina Peyton intimated that she was getting money from the bank to complete a transaction with the subject the cooperating witness introduced (Officer Wade). While talking about Vincent Cole; Christina Peyton told the cooperating witness, "I want him gone. Not out of town gone. I want him dead gone." She also told the cooperating witness that they (Jeffrey and Christina) planned to take their daughter to a movie so she will not be around, "the day this happens."

At approximately 1236 hours on 06/30/2015, Officer Wade contacted Jeffrey Peyton by phone and explained that it would cost more than three hundred dollars to have someone kill Vincent Cole. Jeffrey Peyton then offered to pay five hundred dollars to have Vincent Cole killed.

At approximately 1343 hours on 06/30/2015, Officer Wade met with Jeffrey Peyton in the parking lot of 513 North Martin Luther King Jr. Blvd.; which is located within the corporate city limits of Wichita Falls Texas. During

COPY

the recorded meeting, Jeffrey Peyton gave Officer Wade three one hundred dollar bills and promised to pay an additional two hunderd dollars after Vincent Cole was killed. Jeffrey Peyton also provided a photograph of Vincent Cole. Officer Wade then offered Jeffery Peyton an opportunity to back out of the transaction but he refused and indicated that he and his wife (Christina Peyton) wanted to go through with the plan.

At approximately 1215 hours on 07/02/2015, your affiant contacted Vincent Cole and explained the before listed. Vincent Cole then agreed to cooperate with this investigation and a photograph was created that made it look like he had been shot to death.

At approximately 1541 hours on 07/02/2015, Officer Wade contacted Jeffrey Peyton by phone and arranged to meet him across the street from 513 North Martin Luther King Jr. Blvd. Officer Wade met Jeffrey Peyton a short time later and showed him the photograph of the staged dead body of Vincent Cole. Jeffrey Peyton then gave Officer Wade two hundred dollars after viewing the photo and he was taken into custody by an arrest team.

Your affiant believes probable cause exists to show that, on or about 06/30/2015, Christina Peyton and Jeffrey Peyton intentionally and knowingly gave remuneration and the promise of remuneration to another (undercover Texas Peace Officer Karen Wade) to murder Vincent Cole.

WHEREFORE, Affiant requests that an arrest warrant be issued for the above accused individual in accordance with the law.

_____
AFFIANT

_____
MAGISTRATE / NOTARY / CLERK OF THE COURT

SUBSCRIBED AND SWORN TO BEFORE ME on the

2nd Day of July, 2015

---

MAGISTRATE'S DETERMINATION OF PROBABLE CAUSE

On this the _2_ day of _July_, 2015, I hereby acknowledge that I have examined the foregoing affidavit and have determined that probable cause exists for the issuance of an arrest warrant for the individual accused therein.

_____
MAGISTRATE
CENTRAL MAGISTRATE OFFICE
WICHITA COUNTY, TEXAS

TRIAL COURT CAUSE NO. 56208-A
IN THE <u>30TH</u> DISTRICT COURT
OF WICHITA COUNTY
HONORABLE ROBERT P. BROTHERTON, JUDGE PRESIDING

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
2/17/2016 1:28:20 PM
DEBRA SPISAK
Clerk

THE STATE OF TEXAS

VS.

JEFFREY BRYAN PEYTON

ATTORNEY FOR APPELLANT:
BRENNON BRADY
OFFICE OF THE PUBLIC DEFENDER
600 SCOTT AVE., STE. 204
WICHITA FALLS, TX 76301
(940) 766-8199

DELIVERED TO THE COURT OF APPEALS FOR THE
2ND   DISTRICT COURT
TIM CURRY CRIMINAL JUSTICE CENTER
401 W. BELKNAP
FT. WORTH, TX 76196
ON THE 17TH   DAY OF FEBRUARY, 2016
PATTI FLORES, DISTRICT CLERK

DIANE JENSEN
DEPUTY DISTRICT CLERK

APPELLATE COURT CAUSE NO.

FILED IN THE COURT OF APPEALS FOR THE
2ND DISTRICT COURT
AT FT. WORTH, TEXAS
THIS _____DAY OF _____

BY_____,DEPUTY

1

CAUSE NUMBER 56208-A

THE STATE OF TEXAS                          IN THE 30TH DISTRICT COURT

VS.                                         OF

JEFFREY BRYAN PEYTON                         WICHITA COUNTY, TEXAS

INDEX

VOLUME ___                                                              PAGE

COVER PAGE……………………………………………………………………..1

INDEX………………………………………………………………………...2-3

CAPTION…………………………………………………………………….....4

INDICTMENT (FILED 08-05-15)………………………………………………..5

AFFIDAVIT (FILED 08-06-15)..………………………………………………..6

STATE'S READY (FILED 08-06-15)……………………………………………7

ORDER SETTING PRETRIAL CONFERENCE (FILED 08-06-156)…………………..8

J.P. PAPERS (FILED 08-06-15)………………………………………………...9-15

PRECEPT (FILED 08-07-15)……………………………………………………16

PRELIMINARY PRETRIAL MOTIONS (FILED 08-07-15)…………………………..17-19

REQUEST FOR COMPLIANCE WITH 39.14 (FILED 08-07-15)………………………...20-22

PRETRIAL WAIVER OF ARRAIGNMENT (FILED 08-07-15)…………………………23-25

STATE'S INITIAL 39.14 DISCLOSURE (FILED 08-17-15)……………………………26-30

RECEIPT OF VIDEO (FILED 08-20-15)…………………………………………….31

ORDER SETTING PRETRIAL CONFERENCE (FILED 10-23-15)……………………..32

APPLICATION FOR WRIT OF HABEAS CORPUS SEEKING BAIL
REDUCTION (FILED 12-07-15)………………………………………………..33-36

ORDER OF SETTING (FILED 12-09-15)…………………………………………...37

ORDER DENYING WRIT OF HABEAS CORPUS (FILED 01-22-16)....................38

LETTER FROM DEFENDANT TO JUDGE (FILED 01-27-16)...........................39

NOTICE OF APPEAL (FILED 01-28-16)...................................................40

TRIAL COURT'S CERTIFICATION (FILED 01-28-16)....................................41

ORDER SETTING PRETRIAL CONFERENCE (FILED 01-29-16)........................42

DESIGNATION OF CLERK'S RECORD AND REQUEST FOR REPORTER'S
RECORD (FILED 02-02-16)..........................................................43-44

DOCKET SHEET....................................................................................45

CLERK'S CERTIFICATE............................................................................46

BACK PAGE ........................................................................................47

THE STATE OF TEXAS     ]
COUNTY OF WICHITA     ]


In the 30th District Court of Wichita County, Texas, the Honorable ROBERT P. BROTHERTON, Judge Presiding, the following proceedings were held and the following instruments and other papers were filed in this cause, to wit:


Trial Court Cause No. 56208-A


The State of Texas                                    ] In the 30th District Court

vs.

JEFFREY BRYAN PEYTON                        ] Wichita County, Texas


4

56208 -A

FILED FOR RECORD
AT: 1:40 O'Clock M
AUG 5 2015
Clerk Dist.
Courts & County Courts at Law
Wichita County Texas

CAUSE NUMBER: 01-135098-F15

DEFENDANT: JEFFREY BRYAN PEYTON
ADDRESS: 207B CAROLINA     WICHITA FALLS, TX 76306
CHARGE: CRIMINAL SOLICITATION OF CAPITAL MURDER
COMPLAINTANT: COLE,VINCENT
FILING AGENCY: WFPD
COURT: 30TH DISTRICT COURT
PRIOR CAUSE NUMBER:

RACE: WHITE (CAUCASIAN)
SEX: Male
DOB: 05/21/1957
ARREST DATE: 07/02/2015
AMOUNT OF BAIL: $1,000,000.00
DATE: 07/29/2015
TRN: 9098877656

## INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury of Wichita County, State of Texas, duly organized at the JULY term, A.D. 2015, of the 30th District Court of said county, in said court at said term, does present that JEFFREY BRYAN PEYTON, hereinafter called defendant, on or about the 30th day of June, A.D. 2015, in said county and state did then and there, with intent that capital murder, a capital felony be committed, request, command, or attempt to induce Karen Wade and/or Ty Davis to engage in specific conduct, to-wit: killing Vincent Cole in exchange for money, that under the circumstances surrounding the conduct, as the defendant believed them to be, would have constituted capital murder.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

MAUREEN SHELTON
Criminal District Attorney
of Wichita County, Texas

_____
Foreman of the Grand Jury

Bond Amount $ 1,000,000.00

Witness(es)     _____

_____

5



56208-A

FILED FOR RECORD
AT: 9:30 O'Clock A M

CAUSE NUMBER: 01-135098-F15

AUG 06 2015

PATTI FLORES, Clerk Dist.
Courts & County Courts at Law
Wichita County, Texas
_____ Deputy

DEFENDANT: JEFFREY BRYAN PEYTON
ADDRESS: 207B CAROLINA     WICHITA FALLS, TX 76306
CHARGE: CRIMINAL SOLICITATION OF CAPITAL MURDER
COMPLAINTANT: COLE,VINCENT
FILING AGENCY: WFPD
COURT: 30TH DISTRICT COURT
PRIOR CAUSE NUMBER:

RACE: WHITE (CAUCASIAN)
SEX: Male
DOB: 05/21/1957
ARREST DATE: 07/02/2015
AMOUNT OF BAIL: $1,000,000.00
DATE: 07/29/2015
TRN: 9098877656

### AFFIDAVIT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant Criminal District Attorney of Wichita County, Texas, this day personally appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Wichita County, Texas, JEFFREY BRYAN PEYTON, hereinafter called defendant, on or about the 30th day of June, A.D. 2015, in said county and state did then and there, with intent that capital murder, a capital felony be committed, request, command, or attempt to induce Karen Wade and/or Ty Davis to engage in specific conduct, to-wit: killing Vincent Cole in exchange for money, that under the circumstances surrounding the conduct, as the defendant believed them to be, would have constituted capital murder.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on this 29th day of July, A.D. 2015

_____
Affiant

_____
Assistant Criminal District Attorney
of Wichita County, Texas

6

CAUSE NO. 56208-A

FILED FOR RECORD

THE STATE OF TEXAS         §          IN THE 30TH DISTRICT COURT

V.                               §          OF

JEFFREY BRYAN PEYTON       §          WICHITA COUNTY, TEXAS

## STATE'S ANNOUNCEMENT OF "READY"

TO THE PRESIDING JUDGE OF SAID COURT:

The State of Texas, by and through the Wichita County Criminal District Attorney, makes and files this formal announcement of "ready" in the above entitled and numbered case and shows the Court the following:

For offense dates January 1, 2014, and following, the Criminal District Attorney's policy regarding criminal discovery is on file in the District Clerk's office. Additionally, this discovery policy is available upon request at the Criminal District Attorney's office.

For offense dates before January 1, 2014, the State maintains an open file policy with the file available for inspection during business hours; however, the State closes its file Friday at 5:00 p.m. the week preceding the trial setting. The State's open file only extends to the evidence offered in the case-in-chief and does not apply to rebuttal evidence or testimony.

The Wichita County Criminal District Attorney's Office has fully examined all available relevant information concerning this case and is therefore ready to proceed to trial in this matter.

Accordingly, the Wichita County Criminal District Attorney's Office requests that this case be placed on the next available docket and thereafter be set for trial in the appropriate manner.

Respectfully submitted,

MAUREEN SHELTON
Criminal District Attorney
Wichita County

By: _____
Assistant Criminal District Attorney
Wichita County, Texas

7

No. 56208-A

THE STATE OF TEXAS       *     IN THE 30th DISTRICT COURT

VS.                 *     OF

JEFFREY BRYAN PEYTON    *     WICHITA COUNTY, TEXAS

FILED FOR RECORD
AT: _____ 4 O'Clock ___ M
AUG 6 2015
PATTI FLORES, Clerk Dist.
Courts & County Courts at Law
Wichita County, Texas
By _____ Deputy

## <u>ORDER SETTING PRETRIAL CONFERENCE</u>

1.      **The Pretrial Conference is scheduled for October 23, 2015 at 09:00am.** The sole purpose of the Pretrial Conference is to announce to the Court whether the case will be disposed of by the entry of a plea of guilty or will remain on the trial docket. <u>Counsel for the State is ORDERED to make its settlement offer, if any, to counsel for the Defendant at least seventy-two (72) hours in advance of the Pretrial Conference, and counsel for the Defendant is ORDERED to communicate the settlement offer, if any, to the Defendant at least twenty-four (24) hours prior to the Pretrial Conference.</u>

2.      Leave of Court is hereby granted for the filing of pretrial motions after the date of this order, subject to the deadline set out below.

3.      Pretrial motions must be filed no later than fifteen (15) days prior to the date of the Pretrial Conference. **Any party needing a hearing on any pretrial motion must make a request for hearing, <u>in writing</u>, to the Court Administrator no later than fifteen (15) days prior to the date of the Pretrial Conference.** All such hearings will be set at least seven (7) days prior to the Pretrial Conference.

4.      Agreed Pretrial Orders, such as the order prepared by the Wichita Public Defender's Office, must be signed by counsel for the State and defense and will be entered by the Court without the necessity of a hearing.

SIGNED the 5th day of August, 2015.

_____
JUDGE PRESIDING

cc:     Criminal District Attorney's Office: JOHN GILLESPIE
       PUBLIC DEFENDER - Bradley
       JEFFREY BRYAN PEYTON - JAILED

8



THE STATE OF TEXAS      **AFFIDAVIT FOR ARREST WARRANT**      COUNTY OF WICHITA

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant, who after being duly sworn by me, on oath stated: My name is **John E. Laughlin / WFPD #571**, and I have good reason to believe that on or about the 30th day of June, 2015, in Wichita County, Texas, one

NAME OF SUSPECT: **Jeffrey Bryan Peyton**

Did then and there commit the offense of

OFFENSE: **Criminal Solicitation - Capital Murder**

A violation of Section 15.03 of the Texas Penal Code, a Felony of the 1st degree

Affiant's belief is based upon the following facts and information:

☒ Affiant's personal investigation of this alleged offense.

☒ Karen Wade, a fellow peace officer of the City of Wichita Falls Police Department, Wichita County, Texas, who personally participated in the investigation of this alleged offense, providing this information to affiant, and whose information affiant believes to be credible.

On the basis of facts developed during the investigation of this offense, it is believed that the suspect, on or about the date of June 30, 2015, committed the offense of **Criminal Solicitation - Capital Murder**, at the following location: 513 North Martin Luther King Jr. Blvd, Wichita Falls, Wichita County, Texas.

The facts also involve a:

☒ accomplice: Christina June Peyton

## The facts of the offense are as follows:

On 06/26/2015, a cooperating witness contacted the Wichita Falls Police Department about a possible murder for hire. Your affiant met with the cooperating witness and he explained that subjects known to him, Jeffrey and Christina Peyton, asked him to help them find a person willing to "take out" their daughter's boyfriend, Vincent Cole, for three hundred dollars. The cooperating witness also provided your affiant with recordings he made of the conversations he had with Jeffrey and Christina Peyton. Your affiant reviewed the recordings from the cooperating witness and coroborated the information he had provided. Officer Karen Wade from the W.F.P.D. Organized Crime Unit then assisted your affiant with a follow up investigation.

On 6/29/2015, the cooperating witness facilitated an introduction of Officer Wade to Jeffrey and Christina Peyton. Officer Wade, posing as an intermediary for the subject to be hired, then recorded her undercover contacts with Jeffrey and Christina Peyton. Jeffrey and Christina Peyton told Officer Wade they were willing to pay to have their daughter's boyfriend, Vincent Cole, gone "permantly" and then arranged a meeting with Officer Wade on 06/30/2015.

At approximately 1112 hours on 06/30/2015, the cooperating witness took Christina Peyton to a bank at her request and direction. The cooperating witness recorded his interaction with Christina Peyton and your affiant later reviewed the recording. Christina Peyton intimated that she was getting money from the bank to complete a transaction with the subject the cooperating witness introduced (Officer Wade). While talking about Vincent Cole; Christina Peyton told the cooperating witness, "I want him gone. Not out of town gone. I want him dead gone." She also told the cooperating witness that they (Jeffrey and Christina) planned to take their daughter to a movie so she will not be around, "the day this happens."

At approximately 1236 hours on 06/30/2015, Officer Wade contacted Jeffrey Peyton by phone and explained that it would cost more than three hundred dollars to have someone kill Vincent Cole. Jeffrey Peyton then offered to pay five hundred dollars to have Vincent Cole killed.

At approximately 1343 hours on 06/30/2015, Officer Wade met with Jeffrey Peyton in the parking lot of 513 North Martin Luther King Jr. Blvd.; which is located within the corporate city limits of Wichita Falls Texas. During

the recorded meeting, Jeffrey P▢ ▢ gave Officer Wade three one hundre▢ ▢lar bills and promised to pay an additional two hunderd dollars after Vincent Cole was killed. Jeffrey Peyton also provided a photograph of Vincent Cole. Officer Wade then offered Jeffery Peyton an opportunity to back out of the transaction but he refused and indicated that he and his wife (Christina Peyton) wanted to go through with the plan.

At approximately 1215 hours on 07/02/2015, your affiant contacted Vincent Cole and explained the before listed. Vincent Cole then agreed to cooperate with this investigation and a photograph was created that made it look like he had been shot to death.

At approximately 1541 hours on 07/02/2015, Officer Wade contacted Jeffrey Peyton by phone and arranged to meet him across the street from 513 North Martin Luther King Jr. Blvd. Officer Wade met Jeffrey Peyton a short time later and showed him the photograph of the staged dead body of Vincent Cole. Jeffrey Peyton then gave Officer Wade two hundred dollars after viewing the photo and he was taken into custody by an arrest team.

Your affiant believes probable cause exists to show that, on or about 06/30/2015, Christina Peyton and Jeffrey Peyton intentionally and knowingly gave remuneration and the promise of remuneration to another (undercover Texas Peace Officer Karen Wade) to murder Vincent Cole.

WHEREFORE, Affiant requests that an arrest warrant be issued for the above accused individual in accordance with the law.

_____                          _____
            AFFIANT                                    MAGISTRATE / NOTARY / CLERK OF THE COURT

SUBSCRIBED AND SWORN TO BEFORE ME on the

2nd Day of July, 2015

_____

MAGISTRATE'S DETERMINATION OF PROBABLE CAUSE

On this the ___2___ day of _____July_____, 2015, I hereby acknowledge that I have examined the foregoing affidavit and have determined that probable cause exists for the issuance of an arrest warrant for the individual accused therein.

_____
MAGISTRATE
CENTRAL MAGISTRATE OFFICE
WICHITA COUNTY, TEXAS

56208-A ~~OFFICIAL~~ *Kleinet* 7/2/15 AG16521
17 46
*MD*

**WARRANT OF ARREST AND DETENTION**

WICHITA COUNTY, TEXAS

**WFPD CASE # 15-061632**
**WARRANT NUMBER 01-135098**
BOND AMOUNT $ *1,000,000 2.*

In the Name of the State of Texas,
To any Sheriff, Constable or Peace Officer of the State of Texas, Greetings:
    YOU ARE HEREBY COMMANDED TO TAKE INSTANTER THE BODY OF:

**Jeffrey Bryan Peyton**

Hereinafter referred to as the suspect, and bring the said suspect before a Magistrate in and for Wichita County, Texas, instanter, then and there to answer the State of Texas for an offense against the laws of said State, to-wit:

**Criminal Solicitation - Capital Murder**

of which **FELONY** offense the said suspect is accused by the written affidavit, under oath of

**John E. Laughlin / WFPD #571**

filed before me anterior to the issuance of this warrant.
    Herein fail not and due return make hereof at the place hereinafter named.

Witness my official signature this the
2nd Day of July, 2015.

_____
JUSTICE OF THE PEACE/~~MAGISTRATE~~

WICHITA COUNTY, TEXAS
********************************ADMINISTRATIVE DATA********************************
State of Texas vs.  **Jeffrey Bryan Peyton**
Race:  W        Sex:  M        DOB:  05/21/1957        Ht:  508        Wt:  170
Hair:  Brn                Eyes:  Blu                DL:  TX / 15508343
Address:    207 Carolina Apt. B, Wichita Falls, TX 76306
Complainant:  **Vincent Wade Cole**
Date of Offense:   06/30/2015
Arrest Warrant issued To:  WCSO/WFPD/DA/JP                        Arrest Status:   At Large
Employer: None
Employer Address: N/A
==========================  =====RETURN=================================
Came to hand _____ day of _____ 2015, at _____o'clock, and executed on the ___2___ day
of ___July___ 2015, at _____o'clock __M., by arresting and detaining the within named at
_____ in Wichita County, Texas      *taking his/her bond      *placing
him/her in jail at _____.

I actually and necessarily traveled _____ miles in the service of this writ and in addition to any other mileage I
may have traveled in the service of other process during the same trip.

    FEES -   Making Arrest. . . . . . .  $ _____ WFPD
              Mileage . . . . . . . . . .  $ _____
              Taking Bond. . . . . . .  $ _____
              Commitment . . . . . . .  $ _____
              Release . . . . . . . . . .  $ _____
              TOTAL . . . . . . . . . .  $ _____              BY _____ 690

11

THE STATE OF TEXAS

AG 6521

Magistrate No. _____

v.

—COND OF Bond—

☐ Misdemeanor - Class: ____
☐ State Jail Felony
☑ Felony - Degree: __1__

Peyton, Jeffrey Bryan

## CERTIFICATION OF MAGISTRATE'S WARNING, PROBABLE CAUSE DETERMINATION, AND ORDER SETTING BOND

This is to certify that at the time and date entered below, the above-named accused appeared before me in Wichita County, Texas, at which time and place I administered the following warnings as required by the Texas Code of Criminal Procedure: # 01-135098

"You are accused of the offense of Crim. Solicitation - Capital Murder.
☑ An affidavit signed by Laughlin / WFPD has been filed in this cause.
☐ A teletype from _____ County, Texas, has been received.

You have the following rights:

☑ You have the right to retain counsel or hire an attorney. You have the right to request appointment of counsel if you are indigent and cannot afford to hire counsel.

☑ You shall be allowed reasonable time and opportunity to consult with counsel if you desire."

☑ You have the right to have your attorney present during any interviews with peace officers or attorneys representing the state;

☑ You have the right to remain silent.

☑ You are not required to make a statement and any statement made by you may be used against you.

☑ You have the right to terminate or stop any interview at any time.

☑ If you are charged with a felony offense, you have the right to have an examining trial.

Are you indigent and do you want to request that an attorney be appointed to represent you?
☐ No        ☑ Yes: the forms for requesting a court-appointed attorney were furnished and the procedures for requesting a court-appointed attorney were explained.
              ☐ The accused requested and was provided assistance in filling out the forms.

Are you able to speak and understand the English language?
☑ Yes      ☐ No: _____ interpreted in the _____ language.

Are you deaf?
☑ No       ☐ Yes: _____ interpreted.

Sufficient facts have been presented to me under oath by affidavit, sworn testimony, or otherwise to show that probable cause exists for the continued detention of the accused. Bond is hereby:
set at $ 1,000,000.⁰⁰          ☐ Denied          ☐ P. R. Bond

Place: _WCJ_____

Time: _10:00_ (A.M.) P.M.

Date: _7/3_ , 20_15_

☐ Justice of the Peace, Pret ____ , Place ____
☑ Magistrate, Wichita County, Texas

12

7/4

STATE OF TEXAS      *      IN THE MUNICIPAL COURT

     *

VS      *      OF

     *

Jeffrey Bryan Peyton      *      WICHITA FALLS, TEXAS
                                             (Sitting as Magistrate)

## CONDITIONS OF BOND

I hereby acknowledge that I have reviewed and considered the probable cause affidavit relative to the offense(s) of *Crim. Solicitation - Cap. Murder* and the above mentioned Defendant, and have determined that conditions of bond should be imposed.

Therefore, the Court ORDERS that as a condition of bond, the Defendant shall:

*NOT MAKE CONTACT WITH The Alleged victim, OR ANy member of his family, NOR CAUSE ANy OThER personN to MAKE SAid ConTACt.*

This ORDER is effective at 9:30 (A.M.)/ P.M. on the __3__ day of __July__, 20 __15__, and shall remain in effect until such time as the Defendant is no longer released on bail/bond for the offense specified above, unless otherwise specified herein.

**VIOLATION OF CONDITIONS OF BOND SHALL RESULT IN THE REVOCATION OF BOND AND THE RETURN OF THE DEFENDANT TO CUSTODY.**

I certify that on this date and in open court, the above named Defendant has been advised and instructed as to this Order and the Conditions of Bond contained herein.

Signed at 9:30 (A.M.)/ P.M. on the __3__ day of __July__, 20 __15__.

J. Michael Whalen
Magistrate

✓ Copy provided to Defendant.

13

CAUSE NO. 01-35098 Criminal Solicitation - (F1)
Capital Murder - 6.30.15

| THE STATE OF TEXAS | § | IN THE _____ |
| | § | |
| VS. | § | OF |
| | § | |
| Jeff Bryan Peyton | § | WICHITA COUNTY, TEXAS |

## ORDER APPOINTING ATTORNEY

Pursuant to application for court appointed counsel for indigent defendant heretofore presented to the Court, and after having given the same due consideration, the Court is of the opinion that an attorney should be appointed to represent the defendant in the above entitled and numbered cause.

It is ordered that (the Public Defender or _____, a practicing and qualified attorney) be, and said attorney is hereby appointed as attorney for the defendant in the above entitled and numbered cause. This appointment is effective the date of this order, or such earlier date as actual notice of such appointment may have been given to said attorney, if the same appears anywhere in the record of this cause.

_____ If the Public Defender is not appointed, said attorney is among the next five names on the applicable appointment list for the offense charged.

_____ Said attorney is not among the next five names on the applicable appointment list for the offense charge and the good cause for this attorney to be appointed is:

_____.

_____ Denied - not indigent.

Signed this ____ day of July _____, 2015.

_____
JUDGE PRESIDING

**COPIES MAILED TO:**

Attorney: _____
Attorney's Phone # (940) 766 - 8199
Court Administrator
Defendant: Jail 7/14

_____

_____

14

USE INK PENS ONLY - NO PENCILS

BOOK-IN # A96521

AG16521

CASE NO(S): _____

CHARGE(S): Misd._____ Felony_____ Other_____

**RECEIVED**

JUL 0 6 2015

**CMO**

## DECLARATION OF INABILITY TO HIRE COUNSEL
## AND REQUEST FOR COURT-APPOINTED COUNSEL

"I STATE, UNDER OATH AND SUBJECT TO BEING CHARGED WITH PERJURY, THAT THE FOLLOWING ANSWERS TO THE FOLLOWING QUESTIONS ARE TRUE. I AM ASKING FOR COURT-APPOINTED COUNSEL."

1. What is your full legal name? JEFFREY BRYAN PEYTON

   What is the street address, town, state, and zip code where you live? 207 CAROLINA ST APT 2 Wichita Falls TX 76306

   What is your date of birth? 05/21/1957        05/21/1957

2. Are you a U. S. citizen? ✓ If you answered "No" to this last question, what is your country of citizenship? _____

3. What is the telephone number where you live? 940-761-3161 What is your cell phone number? 940-882-3519

4. Who pays for the house or apartment where you live? ME/wife Christina June Peyton How is this person related to you? WIFE How much do they pay each month?$ 530⁰⁰ How many people live in the house or apartment where you live? 2 About how much money do all the adults that you live with make together each month?$ 2100⁰⁰

5. Do you have any children? NO How many? 6 Do your children live with you? 0 Do you get child support? NO How much each month?$ 0 If your children do not live with you, do you pay child support? 0 How much each month? $ 0

6. Do you have a job? NO Where do you work? DISABLED Veteran /SSDI How much do you get paid? $ 1240⁰⁰ approx per Mo. (mo./wk.) If you don't work right now, when is the last time you had job? N/A Where did you work? N/A When is the last time you got paid? 1st/3rd How much?$ approx 1240⁰⁰ Do you get any welfare, disability, pension or unemployment benefits? Yes What kind? disability SSDI/V.A. Pension How much total each month? $ 1240 Approx.

7. Do you own a car or a truck or a motorcycle? Yes Which ? Car Is it (are they) paid for? Yes How much is it (are they) worth? $ 500⁰⁰

8. Do you own a house or any land? NO Which? N/A Is it paid for? N/A What is it worth? $ N/A

9. Do you own any furniture, appliances, televisions, stereo, or jewelry? Yes How much is it all worth? $ 500⁰⁰

10. Do you have any cash anywhere? Yes How much? $ 1500 approx 1500⁰⁰ Do you have any bank accounts? Yes How much money do you have in the bank? $ approx 1500⁰⁰

11. Are you in jail? Yes How much is your bond? $ 1,000,000 Can you make your bond? NO Can anyone else make your bond? NO Who? N/A If you have already made bond, who is your bondsman? N/A How much are you paying your bondsman? $ _____ ea. mo./wk.

12. Can you borrow any money from anyone to hire a lawyer? NO Who can you borrow the money from? N/A

13. Was anybody else charged with this offense with you? Yes Who? Wife/christian June Peyton

I HEREBY AUTHORIZE THE COURT ADMINISTRATOR TO VERIFY THIS INFORMATION FROM ANY SOURCE.

**M WALKER**
Notary Public, State of Texas
My Commission Expires 07-09-2018

_Jeffry Bryan Peyton_
Defendant's Signature

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority, on ____7/3____, 20_15_.

## ANSWER ALL QUESTIONS

_M Walker_
Notary Public/Magistrate
Commission Expires: 7-9-18

Revised: 03.06.08

15

# PRECEPT TO SERVE COPY OF INDICTMENT - Class 2

CAUSE : 56208-A

THE STATE OF TEXAS

vs.

PEYTON,JEFFREY BRYAN

FILED FOR RECORD
AT: ____ O'Clock ___ M
AUG 7 2015
PATTI FLORES, Clerk Dist.
Courts & County Courts at Law
Wichita County, Texas
By_____ Dep.

To the Sheriff of Wichita County, said State, Greeting:

You are Hereby Commanded to forthwith deliver to PEYTON,JEFFREY BRYAN, a prisoner in your custody, the accompanying certified Copy of Indictment.

Herein Fail Not, and due return make hereof, without delay.

Witness my signature and seal of office on this 5th day of August, 2015

PATTI FLORES, Clerk
30th DISTRICT COURT
Wichita County

DIANE JENSEN, DEPUTY

## SHERIFF'S RETURN

Come to hand on the _Ole_ day of _Aug_ A.D. 20_15_, at _8:30_ o'clock _A_ M, and executed on the same day, by delivering to the within named PEYTON,JEFFREY BRYAN, a prisoner in my custody, in person, a certified Copy of Indictment mentioned within and delivered to me with this writ.

Clerk this ____ day of ____ A.D. 20 ____.

_____ .Sheriff
Wichita County, Texas
By _____ Deputy

16

THE STATE OF TEXAS          §     IN THE 30TH DISTRICT COURT

VS.                         §     OF

JEFFREY BRYAN PEYTON        §     WICHITA COUNTY, TEXAS

## PRELIMINARY PRE-TRIAL MOTIONS

**MAY IT PLEASE THE COURT:**

### I.

### Open File Policy

The defendant and the undersigned understand that the prosecuting attorney has an "open file" policy in this case and that counsel and the accused may view the contents of the prosecuting attorney's file during regular business hours or upon other agreement at a mutually convenient time as designated by the prosecuting attorney.

### II.

### Motion to List Names of Witnesses

The above defendant moves the Court to order that in the event that this matter is placed on the trial docket or specially set for trial that the prosecuting attorney be required to file a list the names of those fact or lay-opinion witnesses that the state expects to call at the trial of this cause and that the state provide said list of witnesses to the undersigned at least seven (7) days before the commencement of trial *voir dire*.

### III.

### Motion for Prior Witness Statements for Cross-Examination

The above defendant moves the Court to direct the prosecuting attorney to produce for inspection by defendant and counsel any written statement, notes or reports, including expert reports made by any witness, lay or expert, called by the state prior to the time that counsel conducts his cross examination of the witness as required by law and the Texas Rules of Evidence.

### IV.

### Motion for Exculpatory Evidence

The above defendant by his or her attorney moves the Court to direct the State of Texas to disclose to the defendant and his or her attorney all exculpatory and mitigating evidence and/or facts within the possession, custody or control of the State's Attorney, or any of his or her agents and others the existence of which is known, or by the exercise of due diligence may be known to said State's Attorney.

Further, defendant requests that the State be ordered, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Kyles v. Whitley*, 115 S.Ct. 1555 (1995) and Rule 3.09(d) Texas Disciplinary Rules of Professional Conduct, to exercise its affirmative duty to seek out and learn of any evidence favorable to the defendant and to provide defendant with any evidence or information in the possession, in control of, or known to agents of the State of Texas (directly or constructively) which is inconsistent with the alleged guilt of the defendant or relevant punishment which should be assessed against the defendant.

## V.

## Motion to Reveal the Deal

The above defendant herein in the above entitled and numbered cause, by and through counsel, moves the Court to issue an order requiring the State to reveal any agreement entered into between the prosecuting attorney or any other law enforcement agency and any prosecution witness that could conceivably influence said witness' testimony.

The credibility of said witnesses will be an important issue in the principal case, and the evidence of any understanding or agreement as to future prosecution would be relevant to such witness' credibility and the trial jury is entitled to know of it.

A refusal to reveal any such agreement constitutes a violation of the due process protections provided by the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Sections 10, 13, and 19 of the Texas Constitution, and Articles 1.04 and 1.05 of the Texas Code of Criminal Procedure.

## VI.

## Motion for Disclosure of Expert Witnesses

The above defendant requests that the State provide the names and addresses of all witnesses that qualify under Tex. R. Evid. Rules 702, 703, and 705 and may be called as a witness in this case. *See* Tex. Code Crim. Pro. art. 39.14(b). The defendant requests the Court order disclosure to be made not later than the 20th day before the date of trial of the instant cause.

## VII.

## Motion for Discovery of Statements made by the Defendant

The defendant moves the Court to direct the prosecuting attorney to produce and/or copy for the defendant and counsel any written statement, recorded statements, videos and/or audios recorded statements of the defendant in the possession of the State or any agents of the State, including all audio recordings of the defendant made by the jail telephone-recording system.

## VIII.

### Motion for Leave to Make Additional Motions

The above-named defendant, after reviewing the prosecuting attorney's file and evidence, moves the Court to be allowed to make further and additional pre-trial motions under Tex. Code Crim. Pro. art. 28.01 *et. seq.* any time up to and including seven (7) days before the trial of this cause. The defendant further requests that any additional such motions be heard and ruled upon before the commencement of opening statements in the case.

## IX.

### No Waiver of Rights

Nothing in this document should be construed by the Court as a waiver of the defendant's rights under Tex. Code Crim. Pro. art. 1.14, the United States Constitution or the Texas Constitution. Defendant DOES NOT WAIVE any rights afforded to him or her as provided by law.

Respectfully submitted,

OFFICE OF THE PUBLIC DEFENDER
600 Scott Street, Suite 204
Wichita Falls, Texas 76301
Telephone:    (940) 766-8199
Facsimile:    (940) 716-8561

By: _____
Brennon D. Brady
State Bar No. 24038120
Attorney for the Defendant

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon all opposing counsel according to the applicable rules of procedure on the date of the filing of this Motion.

By: _____
Brennon D. Brady

NO. 56,208-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 30TH DISTRICT COURT |
| VS. | § | OF |
| JEFF PEYTON | § | WICHITA COUNTY, TEXAS |

## REQUEST FOR COMPLIANCE WITH ARTICLE 39.14
## OF THE TEXAS CODE OF CRIMINAL PROCEDURE

### MAY IT PLEASE THE COURT:

Comes now the attorney of record for the defendant in this cause, and submits this formal request to the attorney representing the State to comply with article 39.14 of the Texas Code of Criminal Procedure to producing and permitting the inspection and the electronic duplication, copying, and photographing, by and on behalf of the defendant of the following:

1. Any offense reports of any law enforcement officer or officers or investigators involved in the investigation, arrest, and/or detention of the defendant;

2. Any documents, papers, written or recorded statements of the defendant;

3. Any documents, papers, written or recorded statements of any witness;

4. Any photographs, audio or video recordings of the defendant, witnesses, victims, or alleged crime scenes;

5. Any books, accounts, ledgers, letters, photographs, or other tangible objects involved in the investigation and/or prosecution of this offense;

6. Any tangible property of any type seized during any arrest, search, and/or detention of the defendant;

7. Any evidence which is exculpatory, impeaching, or mitigating including, but not limited to documents, items or information in the possession, custody, or control of the State, any law enforcement agency, or any State agency;

8. The names, current addresses, and current telephone numbers, of any witnesses which may be called by the prosecution in this cause pursuant to Rules 702, 703, and 705 of the Texas Rules of Evidence; and

9. The criminal history of each and every person the prosecution may call as a witness in this cause.

*TCCP 39.14 request*                                                                                    1

This request does not include the work product of the State's attorney in this cause or investigators employed by the State's attorney, or their notes, or written communications between the State's attorney and an agent, representative, or employee of the State. However, it does extend to all items requested herein that are in the possession, custody, or control of the State's attorney or any person under contract with the State. The State's attorney may provide electronic duplicates of any documents or other information.

This request extends to any time before, during or after trial that the State, its agents, servants, and/or employees discover any additional document, item, or information required to be disclosed pursuant to article 39.14(h) of the Texas Code of Criminal Procedure requiring the State's attorney to promptly disclose the existence of documents, items or information to the defendant, his/her attorney of record, and the Court.

Additionally, defense counsel hereby requests that the State electronically record or otherwise document any documents, items, or other information provided pursuant to this request, setting forth each document, item or other information and the date and time same was provided to defense counsel.

Defense counsel requests that the State's attorney comply with these requests as soon as practicable.

Respectfully submitted,

OFFICE OF THE PUBLIC DEFENDER
WICHITA COUNTY, TEXAS

600 Scott Street, Suite 204
Wichita Falls, Texas 76301
Telephone:     (940) 766-8199
Facsimile:      (940) 766-8198

By: _____
Brennon Brady
State Bar No. 24038120
Attorney for the Defendant

*TCCP 39.14 request*                                                            2

## CERTIFICATE OF SERVICE

This is to certify that on the date of filing, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Wichita County, 900 7th Street, Wichita Falls, Texas 76301, by hand delivery.

By: _____
Brennon Brady
Attorney for Defendant

CAUSE NO. 56208-A

| THE STATE OF TEXAS | § | IN THE 30TH DISTRICT COURT |
| VS. | § | OF |
| JEFFREY BRYAN PEYTON | § | WICHITA COUNTY, TEXAS |

FILED FOR RECORD
AT ___ O'Clock ___ M
AUG 2 2015
PATTI FLORES, Clerk Dist.
Courts & County Courts at Law
Wichita County, Texas
By _____ Deputy

## Pretrial Waiver of Arraignment, Request for Notice of Extraneous Offenses and Defendant's Objection to Evidence

### 1. Appearance and Waiver of Arraignment

The undersigned counsel appears as lawyer on behalf of the defendant in this case and waives the formal arraignment of the defendant. The defendant enters a plea of "not guilty" to all charges and a plea of "not true" to all enhancement allegations.

### 2. Request for Notice

The defendant timely requests that the prosecuting attorney for the State of Texas give counsel reasonable notice in advance of trial of the State's intent to introduce any evidence of extraneous offenses, crimes, wrongs, convictions and/or "bad acts" in the trial of this case and under the following particular circumstances:

1. In the State's case-in-chief such evidence other than that arising in the same transaction. *See* Tex. R. Evid. 404(b).

2. In the State's effort to impeach a witness during the trial of this cause. *See* Tex. R. Evid. Rule 609 (f). *See e.g. Cream v. State*, 768 S.W.2d 323, 326 (Tex. App. --- Houston [14th Dist.] 1989, *no pet.*).

3. In the State's case-in-chief such evidence as is described in Tex. Code Crim. Pro. art. 38.37 § 2. *See* Tex. Code Crim. Pro. art. 38.37 § 3; *see e.g. Howland v. State*, 990 S.W.2d 274, 277 (Tex. Crim. App. 1999); *Hitt v. State*, 53 S.W.3d 697, 705 (Tex. App. --- Austin 2001, *pet. ref'd.*).

23

4. During the punishment phase of trial or of issues associated with the punishment or sentencing of the defendant. *See* Tex. Code Crim. Pro. art. 37.07 § 3(g).

5. If any extraneous crime or bad act that the State seeks to introduce has not resulted in a final conviction in a court of record or a probated or suspended sentence, then the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act shall also be set forth in the State's notice pursuant to the above article. *See* Tex. Code Crim. Pro. art. 37.07 § 3(g).

## 3. Defendant's Objection to Evidence

In addition to the foregoing request the defendant hereby objects to the State's attempt to offer evidence without a sponsoring witness pursuant to the procedure outlined in Tex. Code Crim. Pro. art. 38.41. In *lieu* of live courtroom testimony Article 38.41 permits evidence through the filing of a certificate of analysis according to Art. 38.41 § 4. This right is unavailable if the defendant objects. The defendant objects and demands the opportunity to confront and cross-examine all of the witness-analysts who conducted any laboratory analysis of the physical evidence in this case or any of the physical evidence the State intends to introduce relevant to any extraneous offenses, bad acts or wrongs. *See* U.S. CONST. AMEND. VI; TEX. CONST. ART. 1 § 10; TEX. CODE CRIM. PRO. ART. 1.05.

24

Respectfully submitted,

OFFICE OF THE PUBLIC DEFENDER
600 Scott Street, Suite 204
Wichita Falls, Texas 76301
Telephone:     (940) 766-8199
Facsimile:     (940) 716-8561

By: _____
       Brennon D. Brady
       State Bar No. 24038120
       Attorney for the Defendant


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon all opposing counsel according to the applicable rules of procedure on the date of the filing of this Motion.

By: _____
       Brennon D. Brady

| THE STATE OF TEXAS | § | IN THE 30TH DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| JEFFREY BRYAN PEYTON | § | WICHITA COUNTY, TEXAS |

# THE STATE'S INITIAL 39.14 DISCLOSURE

The State of Texas files this INITIAL DISCLOSURE pursuant to Article 39.14 of the Texas Code of Criminal Procedure. In addition to the items electronically disclosed (and listed below), there may be items such as video, audio, and tangible evidence that are available at the District Attorney's Office for inspection and electronic copying.

*It is the duty of the defense attorney to make an appointment with the District Attorney's Office to review any of these items of tangible evidence (such as videos, audios, or physical evidence).* Additionally, while the State will produce any audio or videotapes available for electronic reproduction after the defense attorney sets up an appointment, the State will not make the copies or furnish the equipment to make the copies. It is the duty of the defense attorney to bring the equipment to make the electronic copies.

The District Attorney's Office maintains a log of potential impeachment information on past and present local law enforcement officers. A defense attorney may view this log by contacting the DA Investigator assigned to this case.

Jail phone calls can be listened to and copies can be obtained at the Wichita County Sheriff's Office by appointment. These calls are being produced by the District Attorney's Office at the Wichita County Sheriff's Office on an ongoing basis. Therefore, it is the duty of the defense attorney to check as often as they deem necessary to obtain additional calls made after this date.

The items listed in Exhibit A have been disclosed to the defense counsel.

26

Respectfully submitted.

Maureen Shelton
Criminal District Attorney
Wichita County, Texas

By: _____
JOHN GILLESPIE
Assistant Criminal District Attorney
Texas Bar No. 24010053
3rd Floor, Wichita County Courthouse
Wichita Falls, Texas 76301
Telephone:      (940) 766-8113
Telefax:        (940) 716-8530

## Certificate of Service

I certify that a true and correct copy of the State's INITIAL 39.14 DISCLOSURE was sent via hand delivery on the 17th day of August, 2015 to Brennon Brady by Margie Boone putting it in the Public Defender's drop box in the District Clerk's Office.

_____
JOHN GILLESPIE

# EXHIBIT A

| Delivery Date | Document | Detail | No. of Pages | Delivery Method |
|---|---|---|---|---|
| 08/14/2015 | Reports | Supp by dilbeck | 1 | |
| | Reports | Supp by davis | 2 | |
| | Reports | Supp by wade | 4 | |
| | Reports | Incident | 6 | |
| | Evidence | Evidence on hand | 1 | |
| | Reports | Arrest warrant/affidavit | 3 | |
| | Reports | Supp by laughlin | 7 | |
| | Reports | Case packet checklist | 1 | |
| | Reports | Prosecution | 1 | |
| | Notice of items not uploadable | Cds | 2 | |
| | Evidence | Bank records/first convenience bank (destinee wilcox by christina wilcox) | 14 | |
| | Evidence | Bank records/first convience bank (christina wilcox or jeffrey peyton) | 18 | |
| | Evidence | Bank records/first convenience bank (jeffrey peyton or christina wilcox) | 12 | |
| | Reports | Supp by laughlin | 3 | |
| | Evidence | Bank records/first convenience bank (jeffrey peyton or christina wilcox) | 3 | |
| | Reports | Supp by sanchez | 1 | |
| | Reports | Supp by ferguson | 1 | |
| | Reports | Supp by saenz | 2 | |
| | Reports | Supp by wyrick | 1 | |
| | Reports | Supp by ferguson | 1 | |
| | Reports | Supp by sheehan | 1 | |
| | Reports | Supp by ozuna | 1 | |
| | Reports | Supp by li | 1 | |
| | Reports | Supp by keith | 1 | |
| | Reports | Supp by miller | 1 | |
| | Reports | Consent to search (signed by jeffrey peyton) | 1 | |
| | Reports | Supp by schulte | 1 | |
| | Reports | Arrest (christina june peyton) | 2 | |
| | Central magistrate filings | Order setting bond (christina june peyton) | 1 | |
| | Reports | Law enforcement report | 21 | |
| | Criminal history | Ncic, tcic | 2 | |
| | Criminal history | Wfpd rap sheet | 21 | |
| | Reports | Txdps driver license image | 1 | |

|                            | retrieval - search results                               |     |
|----------------------------|----------------------------------------------------------|-----|
| Reports                    | Transcriptions of recordings                             | 170 |
| Reports                    | Miranda warning                                          | 1   |
| Reports                    | Txdps driver license image<br>retrieval - search results | 1   |
| Notice of items not<br>uploadable | Cds                                               | 13  |

29

# Gillespie, John

| | |
|---|---|
| **From:** | Gillespie, John |
| **Sent:** | Friday, August 14, 2015 3:46 PM |
| **To:** | Brady, Brennon |
| **Subject:** | Jeffrey Peyton Initial Discovery 56,208-A |
| **Attachments:** | 01-135098_14AUG2015_0344pm.zip |

Your message is ready to be sent with the following file or link attachments:

01-135098_14AUG2015_0344pm

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments. Check your e-mail security settings to determine how attachments are handled.

30

CAUSE NO. 56,208 -A

| THE STATE OF TEXAS | § | IN THE 30ᵗʰ District Court |
| | § | |
| V. | § | OF |
| | § | |
| Jeffrey Dale Peyton | § | WICHITA COUNTY, TEXAS |

## RECEIPT OF VIDEO

This document serves to certify that the item(s) listed below was transmitted via hand delivery to Public Defender's Office, the attorney retained to represent the defendant in this matter.

The undersigned acknowledges that he has received ___ DVD(s) containing the electronically recorded statements of the defendant. The D.A.'s office certifies that the DVD(s) delivered contain true and accurate copies of the:

☐ **Patrol Car Video** ☐ **Intoxilyzer Room Video**

☒ **Other:** 26 CD's/DVD's

Received: Mark Ruddy
Investigator
Date: 8/18/15

Delivered: _____
Wichita County Criminal D.A.'s Office
Date: 08/18/15


SCANNED

No. 56208-A

| THE STATE OF TEXAS | * | IN THE 30th DISTRICT COURT |
|---|---|---|
| | * | |
| VS. | * | OF |
| | * | |
| JEFFREY BRYAN PEYTON | * | WICHITA COUNTY, TEXAS |

## ORDER SETTING PRETRIAL CONFERENCE

1. **The Pretrial Conference is scheduled for January 29, 2016 at 09:00am.** The sole purpose of the Pretrial Conference is to announce to the Court whether the case will be disposed of by the entry of a plea of guilty or will remain on the trial docket. Counsel for the State is ORDERED to make its settlement offer, if any, to counsel for the Defendant at least seven (7) days in advance of the Pretrial Conference, and counsel for the Defendant is ORDERED to communicate the settlement offer, if any, to the Defendant at least twenty-four (24) hours prior to the Pretrial Conference.

2. Leave of Court is hereby granted for the filing of pretrial motions after the date of this order, subject to the deadline set out below.

3. Pretrial motions must be filed no later than fifteen (15) days prior to the date of the Pretrial Conference. **Any party needing a hearing on any pretrial motion must make a request for hearing, in writing, to the Court Administrator no later than fifteen (15) days prior to the date of the Pretrial Conference.** All such hearings will be set at least seven (7) days prior to the Pretrial Conference.

4. Agreed Pretrial Orders, such as the order prepared by the Wichita Public Defender's Office, must be signed by counsel for the State and defense and will be entered by the Court without the necessity of a hearing.

SIGNED the 23rd day of October, 2015.

_____
JUDGE PRESIDING

cc:   Criminal District Attorney's Office: JOHN GILLESPIE
      BRENNON BRADY
      JEFFREY BRYAN PEYTON - JAILED

32

**CAUSE NO. 56208-A** DEC 07 2015

| THE STATE OF TEXAS | § | IN THE 30th DISTRICT COURT |
|---|---|---|
| | § | |
| V. | § | OF |
| | § | |
| JEFF PEYTON | § | WICHITA COUNTY, TEXAS |

## APPLICATION FOR WRIT OF HABEAS CORPUS
## SEEKING BAIL REDUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes JEFF PEYTON, Defendant, by and through his attorney of record, and makes this Application for Writ of Habeas Corpus Seeking Bail Reduction, and for good cause shows the following:

1. JEFF PEYTON was arrested on July 2, 2015 and is presently confined in the Wichita County Jail charged with Criminal Solicitation of Capital Murder , a first degree felony.

2. Bail has been set in this case in the amount of $100,000.00. JEFF PEYTON has been held under bail of $100,000.00 since the date of his arrest.

3. JEFF PEYTON's confinement and restraint is illegal because his bond is excessive, oppressive and beyond his financial means, in violation of the Eighth and Fourteenth Amendments to the United States Constitution, Article I, §§ 11, 13 and 19 of the Texas Constitution, and Articles 1.09 and 17.15 of the Texas Code of Criminal Procedure.

4. JEFF PEYTON respectfully requests this Court to grant him a personal recognizance bond because he cannot afford to make bail in any amount. Unless a personal recognizance bond is granted, he will be forced to remain in jail pending

33

disposition of this case.

5. In the alternative, JEFF PEYTON respectfully requests the Court to conduct an evidentiary hearing and, after receiving evidence, reduce bail to a reasonable amount in order that JEFF PEYTON may be able to obtain release from incarceration pending trial.

WHEREFORE, JEFF PEYTON prays that Court direct the Sheriff of Wichita County, Texas to produce JEFF PEYTON before this Court at such time and place to be designated by the Court, for an evidentiary hearing. JEFF PEYTON further asks the Court to grant him a personal recognizance bond or, in the alternative, set bail in a reasonable amount.

Respectfully submitted,

OFFICE OF THE PUBLIC DEFENDER
600 Scott Street, Ste. 204
Wichita Falls, Texas 76301
(940) 766-8199
(940) 716-8561

By: _____
Brennon Brady
Attorney for Defendant
State Bar No. 24038120

## CERTIFICATE OF SERVICE

This is to certify that on the date of filing, a true and correct copy of the above and foregoing document was delivered to the District Attorney's Office, Wichita County, Wichita County Courthouse, 900 7th Street, Wichita Falls, Texas 76301, by hand delivery.

Brennon Brady,
Attorney for Defendant

## AFFIDAVIT

**THE STATE OF TEXAS**             §
                                   §
**COUNTY OF WICHITA**              §

    **BEFORE ME,** the undersigned authority, on this day personally appeared Brennon Brady, Assistant Public Defender, who being by me duly sworn, upon oath deposes and says,

    "I am Brennon Brady, attorney for the defendant in this cause; I have read the above and it is true and correct to the best of my knowledge."

_____
Affiant

    **SUBSCRIBED AND SWORN TO BEFORE ME** on _Dec, 7_____, 2015, to certify which witness by hand and seal of office.

_____
Notary Public, State of Texas

JANET CANNEDY
Notary ID# 12879255-5
My Commission Expires
**November 4, 2019**

FILED FOR RECORD

AT: 3 40 O'Clock P M

DEC 0 9 2015

PATTI FLORES, Clerk Dist.
Courts & County Courts at Law
Wichita County, Texas

By, _____ Deputy

CAUSE NO. 56208-A

| THE STATE OF TEXAS | § | IN THE 30th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| JEFF PEYTON | § | WICHITA COUNTY, TEXAS |

## ORDER OF SETTING

On _____12/9_____, 2015, came to be heard JEFF PEYTON's Application

for Writ of Habeas Corpus Seeking Bail Reduction. It is ORDERED that the motion is set

for hearing before me on _January 22_, 2016, at 9:00 o'clock a .m.

Signed on _____12/9/15_____.

_____
JUDGE PRESIDING

37

NO. 56208-A

THE STATE OF TEXAS      §      IN THE 30TH DISTRICT COURT

VS.      §      OF

JEFFREY PEYTON      §      WICHITA COUNTY, TEXAS

## ORDER DENYING WRIT OF HABEAS CORPUS

On this the 22nd day of January 2015, came for consideration Defendant's

Application For Writ of Habeas Corpus Seeking Bail Reduction. The Court after

hearing the evidence and considering the law applicable to the case hereby DENIES

the bail reduction. Bail is continued in the amount of $1,000,000.00.

Signed on this the 22nd day of January 2015.

_____

Presiding Judge 30th District Court

38

#56208-A

FILED ON RECORD
AT _____ O'Clock ___ M

JAN 2 7 2016

PATTI FLORES
County Courts at Law
Wichita County, Texas
By _____ Dep

Honorable Judge Bob Brotherton

January 21th 2016

I am currently incarcerated at the Wichita county Jail annex. Due to the nature and seriousness of my charge i cannot recieve just and fair representation through the Wichita county Public defender's office. Therefore i am terminating the services of my attorney Brennan Brady effective upon reciept of this letter. I am respectfully requesting that another attorney outside of the Public defender's office be appointed to my case. Your time and consideration will be greatly appreciated Thank you very much.

Respectfully and Sincerely
Jeffrey Bryan Peyton
JeFFreY BRYaN PeYTON
A G 6521  S. O. 39153


1/27/15

Mr. Peyton —
    You don't get to choose your
court appointed attorney.

William Brotherton

39

FILED FOR RECORD
AT _____ O'Clock __ M
JAN 2 8 2016

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 30TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| JEFF PEYTON | § | WICHITA COUNTY, TEXAS |

## NOTICE OF APPEAL

NOW COMES, JEFF PEYTON, Defendant in the above entitled and numbered cause, and hereby gives NOTICE OF APPEAL from the order denying the defendant's application for writ of habeas corpus.

Respectfully submitted,
OFFICE OF THE PUBLIC DEFENDER
405 Wichita County Courthouse
Wichita Falls, Texas 76301
(940) 766-8199

By: _____
Brennon D. Brady
Attorney for Defendant
State Bar No. 24038120

40

**CAUSE NO. 56208-A**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 30TH DISTRICT COURT |
| V. | § | OF |
| JEFF PEYTON | § | WICHITA COUNTY, TEXAS |

### *TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

\_\_\_\_\_ is not a plea-bargain case, and the defendant has the right of appeal.

\_\_\_\_\_ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal.

\_\_\_\_\_ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal.

\_\_X\_\_ involves another appealable order: Application for Writ of Habeas Corpus.

\_\_\_\_\_ is a plea-bargain case, and the defendant has NO right of appeal.

\_\_\_\_\_ the defendant has waived the right of appeal.

_____          _____
Judge                                                          Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the court of appeals. Tex. R. App. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

X_____
Defendant
Mailing address:
Telephone number:
Fax # (if any)

_____
Defedant's Counsel
State Bar of TX ID # 24038120
Mailing address: 600 Scott St. Ste. 204, WF, TX 76310
Telephone number: 940-766-8199
Fax #  940-716-8561

41

No. 56208-A

| THE STATE OF TEXAS | * | IN THE 30th DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | |
| JEFFREY BRYAN PEYTON | * | WICHITA COUNTY, TEXAS |

FILED FOR RECORD
AT:_____o'Clock____M

JAN 29 2016

PATTI FLORES, Clerk Dist.
Courts & County Courts at Law
Wichita County, Texas
_____Deputy

## ORDER SETTING PRETRIAL CONFERENCE

1.    **The Pretrial Conference is scheduled for April 29, 2016 at 09:00am.** The sole purpose of the Pretrial Conference is to announce to the Court whether the case will be disposed of by the entry of a plea of guilty or will remain on the trial docket. <u>Counsel for the State is ORDERED to make its settlement offer, if any, to counsel for the Defendant at least seven (7) days in advance of the Pretrial Conference, and counsel for the Defendant is ORDERED to communicate the settlement offer, if any, to the Defendant at least twenty-four (24) hours prior to the Pretrial Conference.</u>

2.    Leave of Court is hereby granted for the filing of pretrial motions after the date of this order, subject to the deadline set out below.

3.    Pretrial motions must be filed no later than fifteen (15) days prior to the date of the Pretrial Conference. **Any party needing a hearing on any pretrial motion must make a request for hearing, in writing, to the Court Administrator no later than fifteen (15) days prior to the date of the Pretrial Conference.** All such hearings will be set at least seven (7) days prior to the Pretrial Conference.

4.    Agreed Pretrial Orders, such as the order prepared by the Wichita Public Defender's Office, must be signed by counsel for the State and defense and will be entered by the Court without the necessity of a hearing.

SIGNED the 29th day of January, 2016.

_____
JUDGE PRESIDING

cc:    Criminal District Attorney's Office: JOHN GILLESPIE
       BRENNON BRADY
       JEFFREY BRYAN PEYTON - JAILED

42



NO. 56208-A

FEB 0 2 2016

PATTI FLORES, Clerk Dist.
Courts & County Courts at Law
Wichita County Texas
By_____Deputy

| THE STATE OF TXAS | § | IN THE 30th DISTRICT COURT |
| vs. | § | OF |
| JEFFREY BRYAN PEYTON | § | WICHITA COUNTY, TEXAS |

## DESIGNATION OF CLERK'S RECORD
## AND REQUEST FOR REPORTER'S RECORD

**TO THE DISTRICT CLERK:**

1. Index;

2. The Defendant's Application for Writ of Habeas Corpus;

3. The Order Defendant's Application for Writ of Habeas Corpus;

4. The written Notice of Appeal;

5. The notes of the reporter (reporter's record) a separate request has been made to the reporter.

6. All other written papers maintained by you in the file of this cause;

7. This designation of record and request for reporter's record.

## TO THE OFFICIAL COURT REPORTER:

The above-named defendant having previously been determined indigent hereby requests that you prepare a reporter's record in this case for submission on appeal. Defendant requests that you prepare this reporter's record in accordance with the Texas Rules of Appellate Procedure and file this record in the appropriate time (including any extensions). Defendant request that this record include all

*Designation of Record*                                                                 Page 3

proceedings taken by you in the hearing on Defendant's Application for Writ of

Habeas Corpus held on January 22, 2016.

        A COPY OF THE DOCUMENT HAS BEEN HAND-DELIVERED TO
THE OFFICIAL COURT REPORTER.

                              Respectfully submitted,

                              WICHITA COUNTY
                              PUBLIC DEFENDER'S OFFICE
                              600 Scott Ave., Suite 204
                              Wichita Falls, Texas 76301
                              (940) 766-8199 (Tel.)
                              (940) 716-8561 (Fax)

By:       _____

                              Brennon D. Brady
                              State Bar No.  24038120

## CERTIFICATE OF SERVICE

        On the ___ day of February, 2016, a copy of the foregoing document was served upon the Wichita County District Attorney, Wichita County Courthouse, Wichita Falls, Texas, by hand-delivery..

                        _____
                        Brennon D. Brady

STATE OF TEXAS Vs. Jeffery Bryan Peyton

56208-A   No. 8-5-15

Offense Criminal Solicitation of cap murder

DETAINER _____

(CRIMINAL) DISTRICT COURT _____

TRANSFERRED TO _____  _____  _____

## CRIMINAL DOCKET

COMPLAINT FILED.   BOND SET AT $

| | |
|---|---|
| 10.23.15 | PTC scheduled - Agreed Reset |
| 1-22-16 | Also Appl. for Writ of HC - Appl. denied |
| | Ree - LRit |
| 1.29.16 | PTC scheduled - Refused transport |
| | Reset - 90 days |

DISPOSITION OF CASE:

1. _____

2. _____

Right
Thumb Print

3. _____

4. _____

State's Attorney _____

On Probation Revocation _____

Defendant's Attorney _____

On Probation Revocation _____

Surety _____

Appeals Attorney _____

**THESE ARE CRIMINAL DISTRICT COURT PAPERS AND MUST NOT BE REMOVED**

Lance Sprtnell Business Forms • (940) 696-0340

The State of Texas    ]
County of Wichita    ]

I, Patti Flores, Clerk of the 30th District Court of Wichita County, Texas, do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5 (a) and all other documents timely requested by a party to this proceeding under Texas rule of Appellate Procedure 34.5 (b).

GIVEN UNDER MY HAND AND SEAL at my office in Wichita County, Texas this 17TH day of FEBRUARY, 2016

Patti Flores, District Clerk

by: _____ Deputy
DIANE JENSEN

46

ACCEPTED
02-16-00029-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
3/23/2016 4:34:40 PM
DEBRA SPISAK
CLERK

## NO. 02-16-00029-CR

## COURT OF APPEALS

## SECOND DISTRICT OF TEXAS

## AT FORT WORTH

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

3/23/2016 4:34:40 PM

DEBRA SPISAK
Clerk

Ex Parte Jeffrey Peyton

## APPLICANT'S BRIEF

On appeal from Cause Number 56208-A

In the 30th District Court
Wichita County, Texas
Honorable Robert Brotherton, Presiding

Brennon Brady
Assistant Public Defender
State Bar No. 24038120

600 Scott St. Ste. 204
Wichita Falls, Texas 76301
(940) 766-8199
(940) 716-8561 facsimile
brennon.brady@co.wichita.tx.us
Applicant's Attorney

**ORAL ARGUMENT IS NOT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................... ii

IDENTITIES OF PARTIES AND COUNSEL ...................................................... iii

INDEX OF AUTHORITIES................................................................................iv

STATEMENT OF THE CASE..............................................................................1

STATEMENT REGARDING ORAL ARGUMENT ................................................1

ISSUE PRESENTED ..........................................................................................1

      The trial judge erred in refusing to lower Peyton's bail to a reasonable
amount he could actually make ..........................................................................1

STATEMENT OF THE FACTS  ..........................................................................2

SUMMARY OF ARGUMENT ..............................................................................3

ARGUMENT .......................................................................................................3

PRAYER...............................................................................................................8

CERTIFICATE OF COMPLIANCE......................................................................10

CERTIFICATE OF SERVICE ..............................................................................10

## IDENTITY OF PARTIES AND COUNSEL

**Applicant:**

Jeffrey Peyton
AG6521
Wichita County Jail
P.O. Box 8526
Wichita Falls, Texas 76307

**Counsel:**

**Attorney for Applicant:**       Brennon Brady, Assistant Public Defender
(Trial and Appeal)                Wichita County Public Defender's Office
                                  600 Scott St. Rm. 204
                                  Wichita Falls, Texas 76301
                                  (940) 766-8199
                                  (940) 716-8561 facsimile
                                  brennon.brady@co.wichita.tx.us

**Attorney for the Appellee:**    John Gillespie, Assistant District Attorney
                                  (trial)
                                  Jennifer Ponder, Assistant District Attorney
                                  (appeal)
                                  Wichita County Courthouse
                                  900 7th St.
                                  Wichita Falls, Texas 76301
                                  (940) 766-8113
                                  (940) 766-8177 facsimile
                                  jennifer.ponder@co.wichita.tx.us

# INDEX OF AUTHORITIES

**Cases**

*Ex parte Beard*,
92 S.W.3d 566 (Tex. App.—Austin 2002, pet. ref d)....................................5

*Clemons v. State*,
220 S.W.3d 176 (Tex. App.—Eastland 2007, no pet.)...................................4

*Ex parte Hunt*,
138 S.W.3d 503 (Tex.App.—Fort Worth 2004, pet. ref'd)...........................4

*Montgomery v. State,*
810 S.W.2d 372, 380 (Tex. Crim. App. 1990). ...............................................4

*Ex parte Rubac*,
611 S.W.2d 848 (Tex. Crim. App. [Panel Op.] 1981)...............................4, 6

**Texas Statutes and Constitution**

TEX. CODE CRIM. PROC. art. 17.15 ...................................................................*passim*

TEX. CODE CRIM. PROC. art. 42.12 § 4(d)(1)......................................................6, 7, 8

TEX. CONST. art. I § 11 .................................................................................4

TEX. CONST. art. I § 13 .................................................................................4

TEX. PEN. CODE § 15.03(d)(1)............................................................................8, 1

## STATEMENT OF THE CASE

This is an appeal from the denial of an application of writ of habeas corpus seeking bail reduction.[1] Police officers arrested Applicant (hereinafter-called Peyton) on July 2, 2015, for a single count of solicitation to commit capital murder.[2] A magistrate set bail at $1,000,000.00.[3] Peyton's attorney filed an application for writ of habeas corpus seeking bail reduction on December 7, 2015.[4] The trial court held a hearing on the writ application on January 22, 2016.[5] After hearing evidence on the application, the trial court denied the application and bail remained at $1,000,000.00.[6] The trial court certified Peyton's right to appeal and Peyton timely filed his notice of appeal.[7]

## STATEMENT REGARDING ORAL ARGUMENT

Peyton does not request oral argument due to the settled law governing the issue presented in this case.

## ISSUE PRESENTED

The trial court abused its discretion when it refused to reduce Peyton's bail to an amount he could actually make.

---

[1] C.R. pg. 33.
[2] C.R. pgs. 9-10.
[3] C.R. pg. 12.
[4] C.R. pg. 33.
[5] C.R. pg. 37.
[6] C.R. pg. 38.
[7] C.R. pgs. 40, 41.

1

## STATEMENT OF FACTS

Peyton is a disabled 58-year-old navy veteran who served his country from 1974 to 1978.[8] Peyton is indigent and is represented by the Public Defender's Office.[9] Peyton's criminal history includes nothing over a class C misdemeanor.[10] Peyton does not have any violence in his criminal history.[11] Other than this allegation no evidence was presented that Peyton has ever evaded law enforcement, failed to appear for court, or that he is an actual danger to the community.

Peyton and his wife Christina stand accused of attempting to hire a hit man to murder their daughter's boyfriend Vincent Cole.[12] Police officers posed as intermediaries between Peyton and the nonexistent hit man. Peyton paid the undercover officer a $300.00 down payment and a final payment of $200.00 after being shown a staged photo of the death of the intended victim. Police officers arrested Peyton at the time he made the final payment. Bail was set at $1,000,000.00 by the magistrate.[13]

---

[8] R.R. pgs. 7-8.
[9] C.R. pg. 14.
[10] R.R. pg. 8.
[11] R.R. pg. 8.
[12] C.R. pgs. 9, 10.
[13] C.R. pg. 12.

Peyton has lived in Wichita Falls for the past 25 years with his wife.[14]

Peyton testified that he is willing to comply with conditions of bail such as curfew,

home confinement, electronic monitoring, and drug testing if released.[15] Peyton

testified he is able to make a reasonable bond of $10,000.00 by selling his

firearms.[16] Peyton has limited income from the VA and his disability benefits,

which total $1240.00 per month.[17] Peyton has approximately $1,500.00 in his bank

account.[18]

## SUMMARY OF THE ARGUMENT

The trial court erred in refusing to reduce Peyton's bail to an amount he

could actually make. When a presumed innocent citizen is detained pretrial, there

should be a strong presumption in favor of setting bail in an amount the citizen can

actually make absent a strong showing that the citizen is a substantial flight risk or

a danger to the community or victim.

## ARGUMENT

### Standard of Review

This Court reviews the trial court's ruling on a motion to reduce bail under

an abuse of discretion standard.[19] To determine whether abuse occurred, this Court

---

[14] R.R. pg. 8.
[15] R.R. pg. 10.
[16] R.R. pg. 9.
[17] C.R. pg. 15.
[18] C.R. pg. 15.
[19] *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981).

must decide whether the trial court acted without reference to any guiding rules or principles, whether the act was arbitrary or unreasonable.[20] The court must not disturb the trial court's ruling if it was within the zone of reasonable disagreement.[21]

## Applicable law

The Texas Constitution ensures that "all prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident."[22] A defendant who is not facing a capital offense is entitled to reasonable bail, more precisely, bail that is not excessive or oppressive.[23] The guiding principles found in article 17.15 of the Texas Code of Criminal Procedure are the legislative effort to implement the constitutional right to bail.[24] Article 17.15 leaves the setting of bail to the discretion of the court or magistrate, but it sets forth five rules that, together with the constitution, govern the exercise of that discretion.[25] The statutory factors that guide the courts are as follows:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

---

[20] *Ex Parte Hunt*, 138 S.W.3d 503, 505 (Tex. App—Fort Worth 2004, pet. ref'd) citing *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).
[21] *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.).
[22] Tex. Const. art. I, § 11.
[23] Tex. Const. art. I, § 13; Tex. Code Crim. Proc. Ann. art. 1.09 (West 2015). Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015).
[24] Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015); *Ex parte Beard*, 92 S.W.3d 566, 568 (Tex. App.—Austin 2002, pet. ref'd).
[25] *Beard*, 92 S.W.3d at 568.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.[26]

The primary purpose of pretrial bail is to secure presence of defendant.[27] Courts may also consider other factors when assessing whether the amount of bail is reasonable such as work record, community ties, length of residency, prior criminal record, and aggravating circumstances alleged to have been involved in the charged offense.[28]

## Discussion and Analysis

*Bail Sufficient to Assure Appearance but not Oppress*

The first, second, and fourth factors of article 17.15 go to assuring the defendant's presence in court without oppression.[29] Peyton will appear and face these charges. Peyton testified that upon release he would live at the French Quarter Apartments with a friend.[30] He also has friends willing to take him to his

---

[26] Tex. Code Crim. Proc. Ann. Art. 17.15 (West 2015).
[27] *Beard*, 92 S.W.3d at 568.
[28] *Rubac*, 611 S.W.2d at 849-50.
[29] Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015).
[30] R.R. pg. 9.

court appearances.[31] Peyton testified he is willing to submit to conditions of bond such as curfew, home confinement, and electronic monitoring.[32] Peyton offered uncontroverted testimony that he is not a flight risk.[33] Peyton testified that he would only leave the jurisdiction to visit the VA hospital and would get permission from the court prior to leaving.[34] The State offered no evidence that Peyton is a flight risk or that he is unlikely to appear for his court appearances.[35]

Bail should not be used as an instrument of oppression, and the court should consider Peyton's ability to make bail.[36] It is uncontroverted that Peyton cannot post a $1,000,000.00 bond. Peyton was determined to be indigent by the court and is represented by the Public Defender's Office.[37] Peyton's limited monthly income of $1240.00 comes from his VA and disability benefits.[38] Peyton testified that he would be able to make bond if his bail were reduced to $10,000.00.[39] Peyton testified he has a number of firearms that he is willing to sell in order to raise

---

[31] R.R. pg 9
[32] R.R. pg. 10.
[33] R.R. pg. 10.
[34] R.R. pgs. 10-11.
[35] The State only offered the probable cause affidavit and asked the court to take judicial notice of the indictment. R.R. pg 12.
[36] Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015).
[37] C.R. pgs. 14-15.
[38] C.R. pg. 15; R.R. pg. 10.
[39] R.R. pg. 9.

6

funds.[40] Setting bail at $1,000.000.00 for an indigent defendant is the equivalent of denying bail.

## Nature and Circumstances of the Charged Offense

The nature of the offense and the circumstances under which it was committed is the third factor in article 17.15.[41] Peyton is accused of trying to hire a hit man to kill his stepdaughter's boyfriend.[42] Solicitation of capital murder is a non-capital first degree felony offense with a range of punishment of life or any term of not more than 99 nor less than 5 years.[43] Peyton is eligible for community supervision should the jury choose to sentence him to 10 years or less.[44] Solicitation of capital murder is a serious offense; however, the intended victim was never harmed. A parent's instinct is to protect their children from perceived harm and the only reasonable explanation as to why a law abiding citizen would engage in such behavior is to protect their child from a credible threat.

## Future Safety of the Victim and the Community

Reasonable conditions of bail will ensure the safety of the intended victim. Home confinement and electronic monitoring would assure Peyton not leave his home except for court approved activities. The magistrate has already ordered

---

[40] R.R. pg. 9 line 15.
[41] Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015).
[42] C.R. pg. 6.
[43] Tex. Penal Code § 15.03(d)(1)(West 2015).
[44] Tex. Code Crim. Proc. Ann. art. 42.12 § 4(d)(1)(West 2015).

Peyton refrain from any contact with the victim.[45] The safety of the community is assured because Peyton has no prior felony convictions and aside from class C misdemeanors, he has been a law-abiding citizen for his entire life.

## Other Factors

Other factors to consider are that Peyton is a disabled 58-year-old honorably discharged United States Navy veteran.[46] The fact that he is a veteran who has served his country honorably should carry great weight in favor of his pretrial release. Peyton is a resident of Wichita Falls for the past 25 years.[47] Peyton's past legal troubles consist of a few unpaid tickets and public intoxications, which is nothing that could justify an oppressive bail of $1,000,000.00.

## CONCLUSION AND PRAYER FOR RELIEF

1. When a presumed innocent citizen is detained pretrial, there should be a strong presumption in favor of setting bail in an amount the citizen can actually make absent a strong showing that the citizen is a substantial flight risk or a danger to the community or victim.

2. Except in extremely rare circumstances, setting bail at $1,000,000.00 is the equivalent of a denial of bail for an indigent defendant and we ask that this Court make that finding.

---

[45] C.R. pg. 13.
[46] R.R. pg. 7-8.
[47] R.R. pg. 8.

8

3. Given the relevant factors considered above, Peyton should have his bail reduced to an amount he can actually make.

4. Peyton asks this Court to reverse the trial court and render bail set at $10,000.00.

Respectfully submitted,

OFFICE OF THE PUBLIC DEFENDER
WICHITA COUNTY, TEXAS

600 Scott Street, Ste. 204
Wichita Falls, Texas 76301
Phone: (940) 766-8199
Fax:    (940) 716 8651
brennon.brady@co.wichita.tx.us


/s/ **Brennon d. Brady**
Brennon D. Brady
State Bar No. 24038120

ATTORNEY FOR APPLICANT

# CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9 .4, the undersigned certifies that this brief complies with the type-volume limitations.

1. This entire appeal including footnotes has 2323 words as indicated by the word count function of the word processor.

2. This brief has been prepared in proportionately spaced typeface in Times New Roman, 14 pt. font except for footnotes which are in 12 pt. font.

3. If the Court requests, the undersigned will provide a print version of the brief and/ or copy of the word or line printout.

4. The undersigned understands a material misrepresentation in completing this certificate; or circumvention, of the type-volume limits, may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

Respectfully submitted,

**/s/ Brennon D. Brady**
Brennon D. Brady

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief was duly delivered to Jennifer Ponder, Assistant Criminal District Attorney, Wichita County Courthouse, Wichita Falls, Texas, 76301, on this the 23 day of March, 2016. By email delivery to jennifer.ponder@co.wichita.tx.us.

BY:  **/s/ Brennon D. Brady**
Brennon D. Brady
TX Bar No. 24038120
ATTORNEY FOR APPLICANT

ACCEPTED
02-16-00029-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
4/12/2016 3:24:02 PM
DEBRA SPISAK
CLERK

Cause No. 02–16–00029–CR

In the Court of Appeals, Second District
Fort Worth, Texas

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
4/12/2016 3:24:02 PM
DEBRA SPISAK
Clerk

Ex Parte Jeffrey Peyton

Appeal from the 30th District Court of Wichita County, Texas
Cause No. 56,208-A, The Honorable Robert Brotherton Presiding

## The State's Brief

**Maureen Shelton**
Wichita County Criminal District Attorney

**John Gillespie**
Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24010053
John.Gillespie@co.wichita.tx.us

900 Seventh Street
Wichita Falls, Texas 76301
(940) 766-8113 phone
(940) 766-8530 fax

**John Brasher**
Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 02907800
John.Brasher@co.wichita.tx.us

**Jennifer Ponder**
Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24083676
Jennifer.Ponder@co.wichita.tx.us

**Attorneys for the State**
**The State of Texas**

**Oral Argument Waived**

## IDENTITY OF THE PARTIES & COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), the State adopts the Identities of Parties and Counsel set out in the APPELLANT'S BRIEF, with the following supplements:

**John Brasher**
Assistant Criminal District Attorney, Wichita County
Attorney for the State on appeal
900 Seventh Street
Wichita Falls, Texas 76301

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL……………………………………………...2

TABLE OF CONTENTS…………………………………………………………...3

INDEX OF AUTHORITIES…………………………………………………….…..5

STATEMENT OF THE CASE……………………………………………........7

STATEMENT REGARDING ORAL ARGUMENT …………………………………...7

ISSUE PRESENTED………………………………………………………………7

I.  Whether the trial court abused discretion in refusing to lower Applicant's
    bail of one million dollars incurred for solicitation of capital murder.

STATEMENT OF FACTS……………………………………………………………8

SUMMARY OF THE ARGUMENT…………………………………………………… 11

ARGUMENT……………………………………………………………………..12

I.  Applicant is not entitled to a bond reduction because he did not meet his
    burden to prove the trial court abused discretion by acting outside the zone
    of reasonable disagreement, nor did the trial court abuse its discretion
    when examining its decision in light of Article 17.15 and other factors……...12

    A. Applicant has not provided sufficient information for this Court to rule
       in his favor…………………………………………………………………14

       1.  Applicant has not adequately briefed this issue because he included
           no authority to support his interpretation of the facts…………………14

       2.  Even if Applicant has adequately briefed this issue, he has not
           met his burden of proof to show the trial court abused discretion... 16

    B. Application of Article 17.15 and other factors show that the trial court
       did not act outside of the zone of reasonable disagreement………………17

1. The bail set in this case is sufficiently high to ensure that Applicant will return for court settings without being oppressive…………………...17

2. The violent nature and circumstances surrounding solicitation to commit capital murder merits a high bail…………………………….…... 18

3. The ability to afford bail is only one factor among many, and not dispositive of excessive bail…………………………………………20

4. The intended and victim and the community would be subject to risk if Applicant's bond was lowered significantly………………………... 20

5. The remaining *Rubac* factors do not merit a bond reduction…………. 21

PRAYER……………………………………………………………………... 22

CERTIFICATE OF COMPLIANCE……………………………………………….23

CERTIFICATE OF SERVICE…………………………………………………… 23

**Cases**

*Balboa v. State*, 612 S.W.2d 553 (Tex. Crim. App. 1981) .....................................12

*Bowers v. State*, No. 2–02–250–CR, 2003 WL 22026428, at * 8 (Tex. App.—Fort Worth Aug. 29, 2003, *pet. ref'd*) (not designated for publication). .....................13

*Ex Parte Charlesworth*, 600 S.W.2d 316 (Tex. Crim. App. [Panel Op.] 1980).... 12, 13, 20

*Ex Parte Davis*, 147 S.W.3d 546 (Tex. App.—Waco 2004, *no pet.*)......................18

*Ex Parte Harris*, 733 S.W.2d 712 (Tex. App.—Austin 1987, *no pet.*) ...................18

*Ex Parte Hunt*, 138 S.W.3d 503 (Tex. App.—Fort Worth 2004, *pet. ref'd*)...........19

*Ex Parte Miller*, 631 S.W.2d 825 (Tex. App.—Fort Worth 1982, *pet. ref'd*).........20

*Ex Parte Presswood*, Nos. 14–07–000949–50–CR, 2008 WL 2030904 (Tex. App.—Houston [14th Dist.] May 13, 2008, *no pet.*) (not designated for publication) .................................................................................................................17

*Ex Parte Rodriguez*, 595 S.W.2d 549 (Tex. Crim. App. [Panel Op.] 1980) ...........12

*Ex Parte Rubac*, 611 S.W.2d 848 (Tex. Crim. App. 1981) ......................... 12, 13, 14

*Gonzales v. State*, 477 S.W.3d 475 (Tex. App.—Fort Worth 2015, *pet. ref'd*) ......13

*Jobe v. State*, No. 11–15–00220–CR, -- S.W.3d ---, 2016 WL 269221 (Tex. App.—Eastland Jan. 21, 2016, *pet. ref'd*) ...........................................................21

*Johnson v. State*, 263 S.W.3d 405 (Tex. App.—Waco 2008, *pet. ref'd*) ................14

*Maldonado v. State*, 999 S.W.2d 91 (Tex. App.—Houston [14th Dist.] 1999, *pet. ref'd*) .................................................................................................................17

*Saldano v. State*, 232 S.W.3d 77 (Tex. Crim. App. 2007) .....................................14

*United States v. Salerno*, 481 U.S. 739 (1987).....................................................12

*Walder v. State*, 85 S.W.3d 824 (Tex. App.—Waco 2002, *no pet.*).......................15

*Wood v. State*, 18 S.W.3d 642 (Tex. Crim. App. 2000) ............................................15

*Wyatt v. State*, 23 S.W.3d 18 (Tex. Crim. App. 2000) ............................................14

**Statutes**

TEX. CODE CRIM. P. art 17.15.......................................................................... 12, 13

TEX. PENAL CODE § 12.32 ...........................................................................................19

TEX. PENAL CODE § 15.03...........................................................................................18

TEX. PENAL CODE § 19.01 ...........................................................................................22

TEX. PENAL CODE § 19.03...........................................................................................22

**Other**

TEX. CONST. art. §§ 11, 13 .........................................................................................12

TEX. R. APP. P. art 38.1 .............................................................................................14

U.S. CONST. amend. VIII ...........................................................................................12

## STATEMENT OF THE CASE

Applicant appeals trial court's denial of his application for writ of habeas corpus to reduce bail.[1] Applicant was arrested for Solicitation to commit Capital Murder on July 2, 2015.[2] A magistrate set Applicant's bail at one million dollars.[3] On December 7, 2015, Applicant filed a Writ of Habeas Corpus seeking reduction of his bail.[4] The trial court denied Applicant's Writ on January 22, 2016.[5] This appeal followed.

## STATEMENT REGARDING ORAL ARGUMENT

The State waives oral argument.

## ISSUE PRESENTED

I. Whether the trial court abused discretion in refusing to lower Applicant's bail of one million dollars incurred for solicitation of capital murder.

---

[1] C.R. 1:38.
[2] C.R. 1:11.
[3] C.R. 1:12.
[4] C.R. 1:33.
[5] C.R. 1:38.

On June 26, 2015, a cooperating witness with Wichita Falls Police Department contacted the department about a possible murder for hire.[6] The cooperating witness met with John Laughlin with the Wichita Falls Police Department, and provided recording of conversations with Applicant and his wife, in which they asked the cooperating witness to help locate a person to kill their daughter's boyfriend.[7]

Officer Karen Wade of the Organized Crime Unit posed as an intermediary between Applicant and his wife, and the hit man.[8] Applicant and his wife told Wade they were willing to pay to have their daughter's boyfriend, Vincent Cole, permanently gone, and arranged a meeting with Wade.[9] Wade recorded all conversations with Applicant and his wife.[10] The cooperating witness drove Applicant's wife to the bank to get money, and Applicant's wife clearly stated, "I want him gone. Not out of town gone. I want him dead gone."[11]

Wade contacted Applicant by phone, stating that it would cost more than $300 for the murder.[12] Applicant then offered $500.[13] On July 2, 2015, Applicant and his

---

[6] R.R. 3:7, State's Exhibit 1.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*

wife met with Wade, and gave her $300 up front for the murder, and promised another $200 after the intended victim was killed.[14] Wade offered them the opportunity to back out of the plan, but they refused.[15] Wade and the intended victim then staged a photograph where the intended victim appeared dead.[16] Wade then met with Applicant and showed him the photo.[17] Believing the intended victim to be murdered, Applicant then paid Wade another $200, and was promptly arrested.[18]

At Applicant's habeas hearing, the State presented no witnesses, but requested and was granted judicial notice of the indictment.[19] The State admitted State's Exhibit 1, the affidavit for Applicant's arrest warrant.[20]

Applicant testified as to the following: (1) he is a veteran;[21] (2) his criminal history consists only of Class C misdemeanors;[22] (3) he has lived in Wichita Falls for the past twenty-five years;[23] (4) he cannot make one million dollar bail;[24] (5) he would be able to make a ten thousand dollar bail by selling his firearms;[25] (6) he is unable to work and receives monthly income from Veteran's Affairs and Social

---

[14] R.R. at 3:8.
[15] Id.
[16] Id.
[17] Id.
[18] Id.
[19] R.R. 2:13.
[20] Id.
[21] R.R. 2:7–8.
[22] R.R. 2:8.
[23] R.R. 2:8–9.
[24] R.R. 2:9.
[25] Id.

Security disability;[26] (7) he does not own an operational vehicle, and would get to court by obtaining rides with friends;[27] (8) he would be willing to comply with bail conditions of curfew, home confinement, electronic monitoring, and drug testing;[28] (9) he has no intention to flee the jurisdiction[29] and intends to fight the charges;[30] and, (10) he has no other connections in Wichita Falls other than his wife.[31]

---

[26] R.R. 2:10.
[27] R.R. 2:9.
[28] R.R. 2:10.
[29] *Id.*
[30] R.R. 2:11.
[31] *Id.*

## SUMMARY OF THE ARGUMENT

Applicant is responsible for proving that the trial court abused its discretion in refusing to lower Applicant's one million dollar bond for solicitation to commit capital murder. Applicant was required to demonstrate that the trial court's decision fell outside the zone of reasonable disagreement. However, due to Applicant's lack of authority, this issue was inadequately briefed and Applicant cannot prove abuse of discretion.

Even if Applicant's issue was adequately briefed, when applying the guidelines found in Article 17.15 of the Texas Code of Criminal Procedure and the factors set forth by the Court of Criminal Appeals in *Ex Parte Rubac*, the trial court's decision is not outside the zone of reasonable disagreement.

**I. Applicant is not entitled to a bond reduction because he did not meet his burden to prove the trial court abused discretion by acting outside the zone of reasonable disagreement, nor did the trial court abuse its discretion when examining its decision in light of Article 17.15 and other factors.**

Trial courts have the discretion to set bail, but that discretion is dictated by the constitution and code of criminal procedure.[32] The purpose of bail is to ensure a defendant's presence at his trial.[33] When determining bail, courts must balance this interest against the defendant's presumption of innocence.[34] At trial, the burden is on the person seeking to lower the bail to prove that bail is excessive.[35] Bail may be considered excessive if it is greater than reasonably necessary to satisfy the government's legitimate interests.[36]

When determining whether the amount of bail is excessive, reviewing courts determine whether the trial court abused its discretion.[37] Although he states the correct standard,[38] Applicant does not apply it in his brief.[39] Further, the standard is not what is framed in Applicant's Issue Presented—the standard is *not* abuse of discretion by failing to lower the bail to an amount Applicant could afford.[40] Rather,

---

[32] U.S. CONST. amend. VIII; TEX. CONST. art. §§11, 13; TEX. CODE CRIM. P. art 17.15.

[33] *Ex Parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980).

[34] *Balboa v. State*, 612 S.W.2d 553, 557 (Tex. Crim. App. 1981).

[35] *Ex Parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980).

[36] *United States v. Salerno*, 481 U.S. 739, 753–54 (1987).

[37] *Ex Parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981).

[38] Applicant's Brief at 3–4.

[39] *See generally,* Applicant's Brief.

[40] Applicant's Brief at 1.

an appellate court will find abuse of discretion if its decision falls outside the zone

of reasonable disagreement.[41]  Reviewing courts determine whether "the court acted

without reference to any guiding rules or principles," or "whether the act was

arbitrary and unreasonable" against the criteria used to reach a decision.[42]

Ultimately, at the appellate level, the person challenging the trial court ruling has the

burden to prove that the trial court abused its discretion.[43]

Texas Code of Criminal Procedure Article 17.15 sets for the statutory factors

courts consider when determining bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
2. The power to require bail is not to be so used as to make it an instrument of oppression.
3. The nature of the offense and the circumstances under which it was committed are to be considered.
4. The ability to make bail is regarded, and proof may be taken upon this point.
5. The future safety of a victim of the alleged offense and the community shall be considered.[44]

In *Ex Parte Rubac*, the Court of Criminal Appeals held that the primary factors in

determining whether bail is excessive are the length of the sentence and the nature

of the offense.[45]  Additional factors to be considered are the Applicant's work record,

family ties, length of residency, ability to make bond, prior criminal record,

---

[41] *Gonzales v. State*, 477 S.W.3d 475, 479 (Tex. App.—Fort Worth 2015, *pet. ref'd*)
[42] *Montgomery v. State*, 810 S.W. 372, 380 (Tex. Crim. App. 1990).
[43] *Charlesworth*, 600 S.W.2d at 317.
[44] TEX. CODE CRIM. P. art. 17.15.
[45] *Rubac*, 611 S.W.2d at 849.

conformity with previous bond conditions, other outstanding bonds, and any aggravating factors of the offense.[46] In addition, courts may consider the punishment permitted for the alleged offenses when determining bail.[47]

### A. Applicant has not provided sufficient information for this Court to rule in his favor.

#### 1. Applicant has not adequately briefed this issue because he included no authority to support his interpretation of the facts.

Article 38.1(i) of the Texas Rules of Appellate Procedure requires that the Argument section of an appellant's brief, "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."[48] An issue that is inadequately briefed "present[s] nothing for review."[49] Courts routinely hold an issue is inadequately briefed where a party "points [] to nothing on the record, makes no argument, and cites no authority to support []his proposition."[50] However, failure to cite authority is sufficient to find an issue to be inadequately briefed.

In *Wood v. State*, the Court of Criminal Appeals held an appellant's issue to be inadequately briefed because he cited zero authority to support his position, nor

---

[46] *Id.* at 849–50.
[47] *Ex Parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980).
[48] TEX. R. APP. P. art 38.1(i).
[49] *Saldano v. State*, 232 S.W.3d 77, 107 (Tex. Crim. App. 2007).
[50] *Wyatt v. State*, 23 S.W.3d 18, 23 n. 5 (Tex. Crim. App. 2000); *Johnson v. State*, 263 S.W.3d 405, 416–17 (Tex. App.—Waco 2008, *pet. ref'd*); *Saldano*, 232 S.W.3d at 107.

did he develop his argument.[51]  The Court reached this conclusion even though Appellant made an argument and cited to the record.[52]

In *Walder v. State*, the Waco Court of Appeals found three separate issues inadequately briefed.[53]  The first issue was inadequately briefed because it did not identify the appropriate standard for appellate review and only cited two authorities, even though the appellant identified corresponding evidence and the legal principle at issue.[54]  The second issue was also inadequately briefed due to the appellant's failure to identify the appellate standard of review or cite to any authorities.[55]  In the third issue, the appellant did not fully set out the appropriate standard of review.[56]  In addition, although the appellant cited three cases, he only relied on one to make his argument.[57]

In the case at hand, Applicant's issue or argument is either, "The trial court erred in refusing to reduce Peyton's bail to an amount he could actually make,"[58] or the trial court abused discretion when it refused to lower Applicant's bond.[59]

---

[51] *Wood v. State*, 18 S.W.3d 642, 650–51 (Tex. Crim. App. 2000) (finding that the appellant insufficiently briefed the issue of equal protection due to lack of authority and no allegations tracking the requirements required to receive equal protection).
[52] *Id.*
[53] *Walder v. State*, 85 S.W.3d 824, 828–29 (Tex. App.—Waco 2002, *no pet.*).
[54] *Id.* at 828.
[55] *Id.*
[56] *Id.*
[57] *Id.* at 829.
[58] Applicant's Brief at 3 (appearing in the Issue Presented Section).
[59] *See* Applicant's Brief at 3–4 (stating the standard of review is abuse of discretion—whether the trial court's ruling was outside the zone of reasonable disagreement).

Applicant then follows with a section of applicable law, citing Article 17.15 and the *Rubac* factors.[60]   However, once he reaches his Discussion and Analysis section, Applicant does not cite to a single case[61] to demonstrate what the zone of reasonable disagreement is on *any* of the Article 17.15 or *Rubac* factors; he simply categorizes facts under different factors.[62]

**2. Even if Applicant has adequately briefed this issue, he has not met his burden of proof to show the trial court abused discretion.**

Applicant cannot prove that the trial court acted outside of the zone of reasonable agreement, if he does not illustrate the boundaries of that zone.   Even though Applicant's Discussion and Analysis is rife with citations to the record,[63] he failed to include any citations to case law that demonstrate what the reasonable zone of disagreement is.   Therefore, he cannot prove whether the trial court acted outside of the zone of reasonable disagreement.   In addition, Applicant failed to provide case law to demonstrate that the trial court acted in an arbitrary or capricious manner.

At the trial level, the record reflects that the trial court heard the testimony of Applicant, received an exhibit from the State, took judicial notice of the indictment, and then went off the record before making its decision.[64]   Nothing about the hearing

---

[60] Applicant's Brief at 4–5.
[61] Applicant includes numerous cites to the Clerk's and Reporter's Records.
[62] *See* Applicant's Brief at 5–8.
[63] Applicant's Brief at 5–8.
[64] R.R. 2:6–13.

suggests the trial court's decision to be arbitrary or capricious. Therefore, Applicant has failed to reach his burden of showing Applicant's bond was excessive.

**B. Application of Article 17.15 and other factors show that the trial court did not act outside of the zone of reasonable disagreement.**

At the hearing, Applicant failed to prove that the bail amount was excessive. In fact, both the Article 17.15 factors and the *Rubac* factors demonstrate that the trial court acted within the zone of reasonable disagreement, and not arbitrary or capricious.

**1. The bail set in this case is sufficiently high to ensure that Applicant will return for court settings without being oppressive.**

Although he has lived in the city for the last twenty-five years, Applicant has few remaining family ties in the area, does not have an established job, and does not own or lease property in the county.[65] Given the fact that Applicant's was his accomplice,[66] and he failed to even mention his daughter at the habeas hearing,[67] it is unlikely that family ties would keep him in the area.

Courts have also considered whether the individual seeking a lower bail owned any real property when exploring an individual's ties to the area.[68] Applicant presented zero testimony that he had any property interest in Wichita County—even

---

[65] *See* R.R. 2:8–11.
[66] *See* R.R. 3:7–8.
[67] *See* R.R. 2:7–12.
[68] *Maldonado v. State*, 999 S.W.2d 91, 95 (Tex. App.—Houston [14th Dist.] 1999, *pet. ref'd*); *Ex Parte Presswood*, Nos. 14–07–000949–50–CR, 2008 WL 2030904, at *1 (Tex. App.—Houston [14th Dist.] May 13, 2008, *no pet.*) (not designated for publication).

demonstrating a lack of residence of his own, since he would have to live with a friend in an apartment, potentially without knowledge of the management agency.[69] Therefore, there is little incentive for Applicant to remain in the area.

Further, even if Applicant remained in the area, the court received little assurance that Applicant would be able to attend hearings. Applicant testified that he does not own a working vehicle, and would be dependent upon the goodwill of friends to provide rides so that he could attend court settings.[70] Although Applicant testified that he was willing attend court hearings,[71] even he has no way to guarantee his appearance.

Bail becomes "oppressive" when it is "based on the 'assumption that [the accused cannot] afford bail in that amount and for the express purpose of forcing [the accused] to remain incarcerated pending [trial].'"[72] However, nothing on the record indicates that the trial court reached its decision on this basis.[73]

### 2. The violent nature and circumstances surrounding solicitation to commit capital murder merits a high bail.

Solicitation to commit capital murder is a first degree felony.[74] This Court has held that commission of murder for hire and conspiracy to commit murder were

---

[69] *See* R.R. 3:9–10.
[70] R.R. 2:9.
[71] R.R. 2:11.
[72] *Ex Parte Davis*, 147 S.W.3d 546, 549 (Tex. App.—Waco 2004, *no pet.*) (quoting *Ex Parte Harris*, 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, *no pet.*).
[73] *Cf. Harris*, 733 S.W.2d at 714.
[74] TEX. PENAL CODE § 15.03(a).

violent crimes, and because those punishments could merit lengthy sentences, the trial court could have properly concluded the bond amounts were reasonable.[75]

Here, Applicant and his wife were actively trying to find someone to murder their daughter's boyfriend.[76] But for the fact that Applicant and his wife were connected to peace officers instead of a murderer, this would have resulted in at least one death. Due to the violent nature of the crime, and the fact Applicant is eligible for imprisonment for life or five to ninety-nine years in the Texas Department of Criminal Justice and a ten thousand dollar fine,[77] upholding the bail amount was within the zone of reasonable disagreement.

The circumstances surrounding the attempted murder also demonstrate that the bail amount is within the zone of reasonable agreement. Applicant and his wife had been planning the intended victim's murder for at least a week prior to Applicant's arrest.[78] Applicant even had the opportunity to back out of the plot, but he insisted he and his wife wanted to go through with the plan.[79]

---

[75] *Ex Parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, *pet. ref'd*).
[76] *See* R.R. 3:7–8.
[77] TEX. PENAL CODE § 12.32.
[78] *See* R.R. 3:7–8.
[79] R.R. 3:7.

**3. The ability to afford bail is only one factor among many, and not dispositive of excessive bail.**

Applicant relies almost exclusively on the premise that because Applicant cannot afford his current bond, or anything greater than a $10,000, any bond greater than $10,000 is excessive and oppressive.[80]

Just because a defendant cannot afford to pay the bond set, even if the individual is indigent, does not automatically mean that the bail is excessive.[81] "If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique posture of determining what his bond should be."[82]

**4. The intended and victim and the community would be subject to risk if Applicant's bond was lowered significantly.**

Applicant claims that the intended victim and community would be safe if he was confined to his home with electronic monitoring.[83] However, in doing so, Applicant ignores the facts of the crime he is alleged to have committed. From the comforts of his own home, or the apartment of the unnamed friend he intends to stay with,[84] Applicant could once again attempt to solicit capital murder.

---

[80] Applicant's Brief at 1, 3, 6, 8.
[81] *Charlesworth*, 600 S.W.2d at 317.
[82] *Ex Parte Miller*, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 1982, *pet. ref'd*).
[83] Applicant's Brief at 7–8.
[84] *See* R.R. 3:9–10.

Applicant's willingness to submit to drug monitoring, electronic monitoring, a curfew, and home confinement should be given little weight, since these limitations would provide virtually no protection to the intended victim and community. Applicant has even provided an ongoing motive to try to solicit the murder of his daughter's boyfriend again, "A parent's instinct is to protect their children from perceived harm…"[85]  Although it is still possible for Applicant to solicit capital murder from the jail, it is far less likely given the level of supervision and scrutiny provided he would receive.

### 5. The remaining *Rubac* factors do not merit a bond reduction.

Applicant's work record and lack of remaining family ties are not in favor of a bond reduction.  However, his lack of prior criminal history and outstanding bonds are in favor of a bond reduction.

In addition, "appellate courts often compare bail amounts in other cases involved offenses of the same degree."[86]  The Eastland Court of Appeals recently examined a number of cases involving capital murder or murder which upheld an amount around one million dollars.[87]  Although not capital, this case is a first degree

---

[85] Applicant's Brief at 7.

[86] *Jobe v. State*, No. 11–15–00220–CR, -- S.W.3d ---, 2016 WL 269221, at *3 (Tex. App.—Eastland Jan. 21, 2016, *pet. ref'd*).

[87] *Id.* (citing *Ex Parte Lewis*, No. 10–13–00448–CR, 2014 WL 2810629, at *1 (Tex. App.—Waco June 19, 2014, *pet. ref'd*) (not designated for publication) (approving a one million dollar bond for capital murder); *Ex Parte Green*, No. 02–13–00474–CR, 2014 WL 584960, at *1 (Tex. App.—Fort Worth Feb, 13, 2014, *no pet.*) (not designated for publication) (approving a bail of one million dollars for murder); *Ex Parte Guerra*, 383 S.W. 229, 234 (Tex. App.—San Antonio 2012, *no pet.*)

felony that, but for the fact that Applicant contacted the police instead of a hit man, would have resulted in a murder. Applicant had the required intent to carry out a capital murder,[88] and paid money believing capital murder had been carried out.[89] Therefore, a one million dollar bond for solicitation to commit capital murder is not outside the zone of reasonable disagreement.

<h3 style="text-align:center">PRAYER</h3>

The State prays that the Court of Appeals, Second District, find the trial court did not abuse discretion and affirm the decision of the 30th District Court of Wichita County, Texas.

Respectfully Submitted,

**Maureen Shelton**
Criminal District Attorney
Wichita County, Texas

/s/ Jennifer Ponder

**Jennifer Ponder**
Assistant Criminal District Attorney
Wichita County
State Bar No. 24083676
900 7th Street
Wichita Falls, Texas 76301

---

(accepting a nine hundred and fifty thousand dollar bail for capital murder, aggravated robbery, and unauthorized use of a vehicle); *Ex Parte Gonzalez*, 383 S.W.3d 160, 161 (Tex. App.—San Antonio 2012, *pet ref'd*) (setting a one million five hundred thousand dollar bond for capital murder); *Ex Parte Jackson*, 257 S.W.3d 520, 522–23 (Tex. App.—Texarkana 2008, *no pet.*) (authorizing a bail of three-quarters of a million dollars for capital murder); *Ex Parte Garcia*, No. 09–06–543–CR, 2007 WL 846571, at *1 (Tex. App.—Beaumont Mar. 21, 2007, *no pet.*) (not designated for publication) (approving a nine hundred and fifty thousand dollar bond for murder)).
[88] *Compare* TEX. PENAL CODE §§ 19.01(b)(1), 19.03(a)(3) *with* R.R. 3:7–8.
[89] R.R. 3:8.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, certify that this document was produced on a computer using Microsoft Word and contains 2,859 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Jennifer Ponder
**Jennifer Ponder**

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on Tuesday, April 12, 2016, I served a copy of the State's Brief on the parties listed below by electronic service and that the electronic transmission was reported as complete. My e-mail address is Jennifer.Ponder@co.wichita.tx.us.

Brennon Brady
Attorney for Applicant
Assistant Public Defender
600 Scott Street, 2nd Floor, Rm 204
Wichita Falls, Tx 76301
Brennon.Brady@co.wichita.tx.us

/s/ Jennifer Ponder
**Jennifer Ponder**



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00029-CR

EX PARTE JEFFREY PEYTON

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 56208-A

------------

## ORDER STAYING ISSUANCE OF MANDATE

------------

Applicant Jeffrey Peyton appealed from the trial court's denial of his pretrial application for writ of habeas corpus seeking a reduction of his $1 million bail. We reversed the trial court's judgment and remanded this case to the trial court to set a reasonable bail; to determine what additional conditions, if any, should be imposed; and to allow the State and Peyton to present any additional evidence or argument that the trial court deemed relevant to each of the article 17.15 and *Rubac* factors. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015); *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981).

The State has now filed a motion for stay of mandate. *See* Tex. R. App. P. 31.4(a)(2). The motion's certificate of conference states that Peyton is opposed to the motion, but he did not file a response.

After considering the motion, as well as the State's petition for discretionary review appended to the motion, we grant the motion and stay our mandate. *See* Tex. R. App. P. 31.4(b)(1). The mandate will issue in due course after disposition of the State's petition for discretionary review in the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 18.1(a)(2), 18.6.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record and to forward the petition for discretionary review to the clerk of the Texas Court of Criminal Appeals.

DATED June 8, 2016.

PER CURIAM

ACCEPTED
02-16-00029-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
5/20/2016 3:42:41 PM
DEBRA SPISAK
CLERK

No. 02–16–00029–CR

Court of Appeals,
Second District of Texas,
Fort Worth

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

5/20/2016 3:42:41 PM

DEBRA SPISAK
Clerk

Ex Parte § On Appeal in No. 56,208-A

§

§ From the 30th District Court

§

Jeffrey Peyton § Of Wichita County, Texas

§

§ The Hon. Robert F. Brotherton,
Presiding

STATE'S MOTION FOR STAY OF MANDATE

TO THE COURT OF APPEALS, SECOND DISTRICT:

Pursuant to Rule 31.4 of the Texas Rules of Appellate Procedure, the State of Texas moves that this Court stay the issuance of its mandate to allow time for the Court of Criminal Appeals to act on the State's Petition for Discretionary Review, which is appended to this Motion. The State's Motion is being timely made within 15 days of the Court's May 5, 2016 opinion.

Rule 31.4 requires a showing of good faith. The State files its Petition for Discretionary Review based upon case law research, arguing that the gravity of the offense was minimized, and that this Court deviated from the proper standard of review by rejecting the trial court's implicit finding that Appellant lacked credibility.

1

The State respectfully requests this Court grant the State's Motion for Stay of Mandate.

Respectfully Submitted,

**Maureen Shelton**

Criminal District Attorney

Wichita County, Texas

/s/ Jennifer Ponder

**Jennifer Ponder**
Assistant Criminal District Attorney
Wichita County
State Bar No. 24083676
900 7th Street
Wichita Falls, Texas 76301
Tel.: (940)766-8113
Fax: (940)766-8177

## CERTIFICATE OF CONFERENCE

I certify that on or about May 19, 2016, Brennon Brady, counsel for Appellant, indicated he opposed the State's Motion for Stay of Mandate.

/s/ Jennifer Ponder

**Jennifer Ponder**

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on Friday, May 20, 2016, I served a copy of the State's Motion for Stay of Mandate, and attached Petition for Discretionary Review on the parties listed below by electronic service and that the electronic transmission was reported as complete.  My e-mail address is Jennifer.Ponder@co.wichita.tx.us.

Brennon Brady
600 Scott Street, Rm 204
Wichita Falls, TX 76301
(940)766-7119
Brennon.Brady@co.wichita.tx.us

State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov

/s/ Jennifer Ponder

**Jennifer Ponder**

Cause No. _____

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

5/20/2016 3:42:41 PM
DEBRA SPISAK
Clerk

In the Court of Criminal Appeals
Of Texas

*Ex parte Jeffrey Peyton*,
Appellant

From the Court of Appeals, Second District
Fort Worth, Texas No. 02–16–00029–CR
Appeal from Wichita County

## The State's Petition for Discretionary Review

Maureen Shelton
Wichita County Criminal District Attorney

John Gillespie
First Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24010053
John.Gillespie@co.wichita.tx.us

900 Seventh Street
Wichita Falls, Texas 76301
(940) 766-8113 phone
(940) 766-8530 fax

John Brasher
Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 02907800
John.Brasher@co.wichita.tx.us

Jennifer Ponder
Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24083676
Jennifer.Ponder@co.wichita.tx.us

Attorneys for the State
The State of Texas

Oral Argument Waived

**Hon. Robert Brotherton**
Presiding Judge, 30th District Court, Wichita County
900 Seventh Street
Wichita Falls, Texas 76301

**Jeffrey Peyton**
Appellant, represented by
**Brennon Brady**
Assistant Public Defender, Wichita County
Attorney for Jeffrey Peyton, at Trial and on Appeal
600 Scott Street, 2nd Floor, Room 204
Wichita Falls, Texas 76301

**John Gillespie**
First Assistant Criminal District Attorney, Wichita County
Attorney for the State at Trial & Appeal
900 Seventh Street
Wichita Falls, Texas 76301

**John Brasher**
Assistant Criminal District Attorney, Wichita County
Attorney for the State on Appeal
900 Seventh Street
Wichita Falls, Texas 76301

**Jennifer Ponder**
Assistant Criminal District Attorney, Wichita County
Attorney for the State on Appeal
900 Seventh Street
Wichita Falls, Texas 76301

# TABLE OF CONTENTS

IDENTITY OF JUDGE, PARTIES AND COUNSEL............................................................ 2

TABLE OF CONTENTS....................................................................................... 3

INDEX OF AUTHORITIES....................................................................................6

STATEMENT OF THE CASE..................................................................................8

STATEMENT REGARDING ORAL ARGUMENT ........................................................ 8

STATEMENT OF PROCEDURAL HISTORY.................................................................8

GROUNDS FOR REVIEW..................................................................................... 9

I.      The Second Court of Appeals erred by minimizing the gravity of this offense.   The uncontroverted evidence showed Appellant's actus reus and mens rea were identical to a Capital Murder for Hire, except that he hired the wrong hit man.   Additionally, the Second Court minimized the community safety threat by ignoring that the person Appellant wanted murdered is still alive and at risk.

II.     Rejecting the trial court's implicit finding that Appellant lacked credibility, the Second Court of Appeals deviated from the proper standard of review in holding that the trial court abused its discretion.

ARGUMENT................................................................................................ 10

I.  The Second Court of Appeals erred by minimizing the gravity of this offense. The uncontroverted evidence showed Appellant's actus reus and mens rea were identical to a Capital Murder for Hire, except that he hired the wrong hit man. Additionally, the Second Court minimized the community safety threat by ignoring that the person Appellant wanted murdered is still alive and at risk....................................................................................10

II.  Rejecting the trial court's implicit finding that Appellant lacked credibility, the Second Court of Appeals deviated from the proper standard of review in holding that the trial court abused its discretion........................................................................... 12

    A.  The Appellate Court grossly undervalued Appellant's danger to the victim and community.......................................................... 14

    B.  The Court of Appeals erred by holding that the trial court received reasonable assurance of the Appellant's presence at trial court appearances................................................................ 15

        1.  The Court of Appeals disregarded the trial court's implicit credibility assessment of the Appellant............................ 16

        2.  The trial court erred by failing to defer to the trial judge's determination of the weight to be given the evidence............................................................................... 17

    C.  The Court of Appeals conflated factors two and four of Article 17.15 by reasoning that because Appellant was unable to pay his bond, that his bond was oppressive.......................................18

    D.  The Court of Appeals did not properly consider the nature and circumstances of the Appellant's charged offense............................. 20

 E.  By relying on Appellant's testimony, the Court of Appeals replaced the trial court's credibility assessment of Appellant with its own, causing it to find that the *Rubac* factors weighed in favor of a lower bond.................................................................. 21

PRAYER.................................................................................................................................23

CERTIFICATE OF COMPLIANCE.............................................................................................24

CERTIFICATE OF SERVICE.................................................................................................... 24

APPENDIX : *Ex parte Peyton*, No. 02–16–00029–CR, 2016 WL 2586698 (Tex. App.— Fort Worth May 5, 2016).

INDEX OF AUTHORITIES

## Cases

*Cooley v. State*, 232 S.W.3d 228 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ... 12

*Ex parte Bellanger*, No. 12–090–00246–CR, 2009 WL 4981457 (Tex. App.—Tyler 2009, no pet. h.)...................................................................................... 21

*Ex parte Bogia*, 56 S.W.3d 835 (Tex. App.—Houston [1st Dist.] 2001, no pet. h.). 19, 21

*Ex parte Brown*, 959 S.W.2d 369 (Tex. App.—Fort Worth 1998, no pet. h.)........... 21

*Ex parte Gonzalez*, 383 S.W.3d 160 (Tex. App.—San Antonio 2012, pet. ref'd) ..... 12

*Ex parte Green*, No. 02–13–00474–CR, 2014 WL 584960 (Tex. App.—Fort Worth Feb. 13, 2014, no pet. h.) (not designated for publication)................................. 12

*Ex parte Guerra*, 383 S.W.3d 229 (Tex. App.—San Antonio 2012, no pet. h.) ........ 21

*Ex parte Harber*, No. 04–10–00643–CR, 2010 WL 5141509 (Tex. App.—San Antonio Dec. 15, 2010, no pet. h.) (not designated for publication) ...........................16, 21

*Ex parte Henson*, 131 S.W.3d 645 (Tex. App.—Texarkana 2004, no pet. h.) .......... 21

*Ex parte Hunt*, 138 S.W.3d 503 (Tex. App.—Fort Worth 2004, pet. ref'd).............. 20

*Ex parte Hutchinson*, Nos. 05–11–00315–21–CR, 2011 WL 2583050 (Tex. App.—Dallas Jun. 30, 2011, pet. dismissed) (not designated for publication) ............... 16

*Ex parte Jobe*, 482 S.W.3d 300 (Tex. App.—Eastland 2016, pet. ref'd)................... 11

*Ex parte Lewis*, No. 10–13–00448–CR, 2014 WL 2810629 (Tex. App.—Waco Jun. 19, 2014, pet. ref'd) (not designated for publication) ....................................... 12

*Ex parte Okun*, 342 S.W.3d 184 (Tex. App.—Beaumont 2011, no pet. h.).............. 16

*Ex parte Peterson*, 117 S.W.3d 804 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007))... 15, 16

*Ex parte Peyton*, No. 02–16–00029–CR, 2016 WL 2586698 (Tex. App.—Fort Worth May 5, 2016) ................................................................................. passim

*Ex parte Reed*, 271 S.W.3d 698 (Tex. Crim. App. 2008).....................................16, 22

*Ex parte Rubac*, 611 S.W.2d 848 (Tex. Crim. App. [Panel Op.] 1981)...................... 12

*Ex parte Scott*, 122 S.W.3d 866 (Tex. App.—Fort Worth 2003, no pet. h.)............. 19

*Ex parte Vasquez*, 558 S.W.2d 477 (Tex. Crim. App. 1977) ................................... 19

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990) (en banc)............... 18

*Zheng v. State*, No. 01–04–00062–CR, 2005 WL 375446 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, pet. ref'd) (not designated for publication) ........................ 17

## Statutes

TEX. CODE CRIM. P. art. 17.15 ................................................................................. 12

TEX. PENAL CODE § 15.03 ........................................................................................ 11

TEX. PENAL CODE § 19.02 ........................................................................................ 11

TEX. PENAL CODE § 19.03 ........................................................................................ 11

## Other

Chevrolet Corvette (C3), WIKIPEDIA (2016), https://en.wikipedia.org/wiki/Chevrolet_Corvette_(C3) (last visited 18 May 2016) ............................................................................................................. 21

Corvette, CHEVROLET (2016), http://www.chevrolet.com/corvette-sports-cars.html (last visited May 19, 2016)................................................................................. 21

## STATEMENT REGARDING ORAL ARGUMENT

The applicable law is unambiguous, and the analysis required to properly apply the law to the facts is not overly complicated. Thus, the State does not believe oral argument would substantially aid the court. Therefore, oral argument is waived.

## STATEMENT OF THE CASE

Appellant is charged with the first degree offense of Solicitation to Commit Capital Murder. Appellant appealed from the trial court's denial to reduce pretrial bail of one million dollars. The Court of Appeals submitted the case without oral argument, and held that the trial court abused its discretion in denying the motion to reduce bond. The Court did not submit a bond amount, but rather remanded the case for a bond determination.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals, Second District, handed down its decision on May 5, 2016.[1] The State did not file a motion for rehearing. Pursuant to Rule 31.4(a) of the Texas Rules of Appellate Procedure, the State's Petition for Discretionary Review is due on or before May 20, 2016.

---

[1] *Ex parte Peyton*, No. 02–16–00029–CR, 2016 WL 2586698 (Tex. App.—Fort Worth May 5, 2016).

8

## GROUNDS FOR REVIEW

I. The Second Court of Appeals erred by minimizing the gravity of this offense. The uncontroverted evidence showed Appellant's actus reus and mens rea were identical to a Capital Murder for Hire, except that he hired the wrong hit man. Additionally, the Second Court minimized the community safety threat by ignoring that the person Appellant wanted murdered is still alive and at risk.

II. Rejecting the trial court's implicit finding that Appellant lacked credibility, the Second Court of Appeals deviated from the proper standard of review in holding that the trial court abused its discretion.

I.   The Second Court of Appeals erred by minimizing the gravity of this offense. The uncontroverted evidence showed Appellant's actus reus and mens rea were identical to a Capital Murder for Hire, except that he hired the wrong hit man. Additionally, the Second Court minimized the community safety threat by ignoring that the person Appellant wanted murdered is still alive and at risk.

According to the probable cause affidavit, admitted as State's Exhibit 1 during the hearing at the trial court level, Appellant and his wife were seeking to hire a hit man to murder their daughter's boyfriend.[2] An undercover officer pretended to be a hit man, and agreed to perform the murder for a fee with some cash up front, and the balance after the murder took place.[3] After Appellant paid the initial cash and refused the under-cover officer's offer to back out of the scheme, the officer met with intended victim and staged a photograph of the "murder scene."[4] Upon receiving this photographic proof of the target's death, Appellant paid the officer the remainder of the fee.[5]

But for the fact that Appellant unknowingly hired a police officer, rather than a murderer, Appellant would be facing a Capital Murder charge. In fact, Appellant's mens rea and actus reus would have been exactly the same if the officer was a

---

[2] R.R. 3:7, State's Exhibit 1.
[3] R.R. 3:7–8, State's Exhibit 1.
[4] R.R. 3:8, State's Exhibit 1.
[5] *Id.*

murderer.[6]  Appellant intentionally and knowingly employed the officer to murder his daughter's boyfriend.[7]  Further, Appellant paid the officer a cash down payment for the murder, and the remainder *believing that the murder had occurred*.[8]

The biggest difference between Appellant's actual charge of Solicitation to Commit Capital Murder and Capital Murder, is that the intended victim is alive. However, this difference is not due to any action or intent of Appellant.  Simply because Appellant was unsuccessful in hiring a murderer does not entitle him to a lower bond.  Rather, the Appellant in this case is even more dangerous because the intended victim is still alive and at extreme risk from Appellant.  As the mens rea and actus reus of this Appellant and of a defendant in a successful Capital Murder are identical, this case is logically the functional equivalent of a Capital Murder for Hire. So, when comparing the bond amount in Appellant's case to others, the Court of Appeals should have used bonds from Capital Murder cases.  Bonds at or above $1,000,000 are not rare in single-count Capital Murder cases.[9]

---

[6] *Compare* TEX. PENAL CODE § 15.03 (with intent that a capital felony or a felony of a firs degree be committed), *with* TEX. PENAL CODE § 19.02 (intentionally or knowingly).  This offense qualifies as Capital Murder because Appellant employed another to commit murder for remuneration and the promise thereof.  TEX. PENAL CODE § 19.03(1)(3).

[7] *See* R.R. 3:7–8, State's Exhibit 1.

[8] *Id.*

[9] *See Ex parte Jobe*, 482 S.W.3d 300 (Tex. App.—Eastland 2016, pet. ref'd) (upholding a bond of $1,000,000, despite defendant's indigence); *Ex parte Gonzalez*, 383 S.W.3d 160 (Tex. App.—San Antonio 2012, pet. ref'd) (upholding a bond of $1,500,000); *Ex parte Lewis*, No. 10–13–00448–CR, 2014 WL 2810629 (Tex. App.—Waco Jun. 19, 2014, pet. ref'd) (not designated for

11

Comparing bond amounts between different types of offenses is not a novel occurrence. Nor is the idea of applying Capital Murder bond amounts to solicitation cases.[10] The Court of Appeals inappropriately circumscribed its review of bond amounts approved by its sister courts. Had it properly considered bond amounts set in single-count Capital Murder cases, the Court of Appeals would have concluded that $1,000,000 was not outside of the acceptable bond amount range.

II.     Rejecting the trial court's implicit finding that Appellant lacked credibility, the Second Court of Appeals deviated from the proper standard of review in holding that the trial court abused its discretion.

When reviewing the trial court's refusal to lower the Appellant's bond, the Court of Appeals walked through the five factors from Article 17.15 of the Texas Code of Criminal Procedure and the *Rubac* factors.[11] The Court of Appeals jointly addressed the first, second, and fourth factors of Article 17.15.[12] Noting that the primary purpose of setting a bail amount is the reasonable assurance that Appellant will appear for court, the Court of Appeals cited Appellant's testimony that: (1) he had lived in Wichita Falls the past twenty-five years; (2) if released, Appellant would

---

publication) (upholding a bond of $1,000,000); *Ex parte Green*, No. 02–13–00474–CR, 2014 WL 584960 (Tex. App.—Fort Worth Feb. 13, 2014, no pet. h.) (not designated for publication) (upholding a $1,000,000 bond, even though defendant was indigent).

[10] *Cooley v. State*, 232 S.W.3d 228, 235 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (reviewing three Capital Murder bond reduction cases).

[11] *Peyton*, 2016 WL 2586698, at *3–5; TEX. CODE CRIM. P. art. 17.15; *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981).

[12] *Peyton*, 2016 WL 2586698, at *3–5.

live with a friend at the friend's apartment; (3) Appellant would be able to obtain transport to court; and, (4) he would comply with any bond conditions.[13]   After stating that the State offered no evidence that Appellant was a flight risk, the Court determined that this was "reasonable assurance that Peyton would appear for court."[14]

When evaluating the second factor—that bail not be oppressive—the Court of Appeals simply summarized Appellant's testimony and concluded that bail was oppressive.[15]  The Court of Appeals determined Appellant did not have the ability to pay for a $1,000,000 bond based on his testimony.[16]

The Court of Appeals evaluated the nature and surrounding circumstances of the offense, finding the facts in the probable cause affidavit "disturbing," and correctly identified Solicitation of Capital Murder as a first degree felony with a five to ninety-nine year punishment range.[17]  The Court determined, "[c]ase law is of relatively little value in addressing the appropriate amount of bail in a particular

---

[13] *Id.* at *4.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.* at *5.

case," but relied upon a series of habeas bail cases arising from the same offense to conclude that $1,000,000 is outside the acceptable bond amount range.[18]

While acknowledging that the future safety of the community is a difficult factor to analyze, the Court of Appeals found that because Appellant did not have any prior felonies, and that the bail contains a provision preventing Appellant from contacting his intended murder victim, the high amount of bail was not related to community safety. Finally, when looking to the *Rubac* factors, the Court of Appeals relied extensively on Appellant's testimony to conclude Appellant has "an incentive to remain despite the possibility of conviction and sentence."[19]

### A. The Appellate Court grossly undervalued Appellant's danger to the victim and community.

Appellant calculated and effected a plan to hire a hit man to murder his daughter's boyfriend, refused to be deterred from that plan, and believed it to have been successful.[20] Appellant is charged with a crime that does not require him to be physically present at the time the violence occurs. Even if Appellant complied with terms of a bond that required him to remain under house arrest and wear an ankle monitor, Appellant could still easily solicit the Capital Murder of his daughter's

---

[18] *Id.* (citing *ex parte Beard*, 92 S.W.3d 566, 571 (Tex. App.—Austin 2002, pet. ref'd) (internal quotation omitted)).
[19] *Id.* at *5 (quotation omitted).
[20] R.R. 3:7–8, State's Exhibit 1.

14

boyfriend once again. Alternatively, with the money raised by the sale of his firearms,[21] Appellant could hire an individual to murder the officer, who is the linchpin of the State's case against Appellant and his wife.

Unlike a Capital Murder for Hire, here, Appellant's intended victim is still alive and still at risk. The trial court recognized that could order few realistic safeguards to protect the intended victim or the community at large from any future attempts by Appellant to solicit murder. The Court of Appeals erred by substituting its own incorrect determination that the Appellant's word, a restriction of house arrest to an unknown third party's apartment, and an electronic ankle monitor would keep the victim and the community safe.

**B. The Court of Appeals erred by substituting the trial court's implicit credibility determination of the Appellant by holding that the trial court received reasonable assurance of the Appellant's presence at trial court appearances.**

When reviewing a trial court's decision, appellate courts should view the facts in the light most favorable to the judge's ruling, and uphold that ruling absent an abuse of discretion.[22] "Reviewing courts, including this Court, should 'afford almost total deference to a trial court's determination of the historical facts that the record

---

[21] R.R. 2:9 (testifying he could sell "some guns" to make bond).
[22] *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007)).

15

supports especially when the trial courts fact findings are based on an evaluation of credibility and demeanor.'"[23]  Trial judges are uniquely situated to observe witness demeanors and directly assess credibility.[24]  However, this deference to implicit factual findings should be tempered by the reviewing court's ability to "determine from the record what the trial court's implied factual findings are."[25]

### 1. The Court of Appeals disregarded the trial court's implicit credibility assessment of the Appellant.

The record supports the conclusion that the trial court found the Appellant's testimony not credible.  The Court of Appeals erred in ignoring this implicit credibility determination.  Appellant was the only witness at the bond reduction hearing.[26]  The State entered the probable cause affidavit into evidence.[27]  Simply because the State did not offer evidence contrary to Appellant's testimony, does not mean the trial court is required to accept it as truthful and accurate.[28]

---

[23] *Id.* (quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

[24] *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008).

[25] *Peterson*, 117 S.W.3d at 819.

[26] *See generally* R.R. 2.

[27] R.R. 2:12.

[28] *See Ex parte Okun*, 342 S.W.3d 184, 185 (Tex. App.—Beaumont 2011, no pet. h.); *Ex parte Hutchinson*, Nos. 05–11–00315–21–CR, 2011 WL 2583050, at *3 (Tex. App.—Dallas Jun. 30, 2011, pet. dismissed) (not designated for publication); *Ex parte Harber*, No. 04–10–00643–CR, 2010 WL 5141509, at *3 n. 2 (Tex. App.—San Antonio Dec. 15, 2010, no pet. h.) (not designated for publication).

However, if the trial court found Appellant's statements credible, that he would live with an unnamed friend[29] and that unnamed friends would provide Appellant with rides to court hearings,[30] then the trial court would be relying on an anonymous individual or group of individuals, who did not appear at the bond reduction hearing, to guarantee Appellant's appearance. This reality would be absolutely contrary to the purpose of an appearance bond.

Given the presumption in favor of the trial court's ruling, the trial court did not find Appellant's testimony credible. However, the Court of Appeals improperly ignored this implicit credibility finding, and treated Appellant's testimony as reliable.[31]

## 2. The trial court erred by failing to defer to the trial judge's determination of the weight to be given the evidence.

Not only is the trial judge the best position to determine the credibility to be assigned a particular witness, the judge is also in the best position to determine the weight to be given the evidence.[32] Even the Court of Appeals acknowledged that simply because a trial court may decide a matter within its discretion differently than

---

[29] R.R. 2:9–10.
[30] R.R. 2:9.
[31] *See Peyton*, 2016 WL 2586698, at \*4–5.
[32] *Zheng v. State*, No. 01–04–00062–CR, 2005 WL 375446, at \*2 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, pet. ref'd) (not designated for publication).

17

an appellate court would in a similar circumstance, does not prove that an abuse of discretion has occurred.[33]

Concluding that Appellant was not a flight risk,[34] Court of Appeals glossed over the reality recognized by the trial court: that, if released on bond, Appellant has few reasons to remain in Wichita County. Appellant's wife is a co-conspirator in the same offense.[35] Despite his twenty-five year tenure in Wichita Falls, Appellant owns no real property, leases no real property, works at no employment,[36] and has no other family in the area.[37] In fact, the court has very little guarantee to Appellant's appearance in court beyond a strong monetary incentive.

**C. The Court of Appeals conflated factors two and four of Article 17.15 by reasoning that because Appellant was unable to pay his bond, that his bond was oppressive.**

Ignoring the trial court's implicit finding that Appellant was not credible, the Court of Appeals then relied upon his testimony that he "is disabled, has minimal assets and income, and does not have the ability to satisfy a $1,000,000 bond. This

---

[33] *Peyton*, 2016 WL 2586698, at *3; *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (en banc).

[34] *Peyton*, 2016 WL 2586698, at *4.

[35] R.R. 3:8–10, State's Exhibit 1.

[36] Appellant receives social security disability, which is not contingent upon his residence within Wichita County. *See* R.R. 2:10.

[37] R.R. 2:8–11.

18

factor demonstrates that bail in the amount set is oppressive."[38]  If this tautological reasoning was correct, then any bond that a defendant could not afford would be oppressive.[39]

Then, Court of Appeals, once again, disregards the trial court's credibility assessment, and relies entirely on the Appellant's testimony as to his assets and income.[40]  This complete reliance on the cold record is inapposite of the Court of Appeals' own holding in *Ex parte Scott*,[41] a Solicitation of Capital Murder case in which the Court considered the defendant's lack of specific evidence as to his and his family's assets other than testimony.[42]  Despite the many factors weighing heavily in favor of a high bond, the Appellant's inability to afford bail dominated all other factors, even though the Court of Appeals acknowledged this factor should not be controlling.[43]

---

[38] *Id.* (internal citation omitted).  The Court of Appeals relies on *Ex parte Bogia*, which holds that a $360,000 bond for <u>second degree felony theft</u> is per se oppressive, unless justified by special circumstances.  56 S.W.3d 835, 840 (Tex. App.—Houston [1st Dist.] 2001, no pet. h.).

[39] *Ex parte Vasquez*, 558 S.W.2d 477, 480 (Tex. Crim. App. 1977) (stating, "Appellant's indigency is a circumstance to be considered, but it is not a controlling circumstance nor the sole criterion in determining the amount of bail.").

[40] *Peyton*, 2016 WL 2586698, at *4.

[41] 122 S.W.3d 866 (Tex. App.—Fort Worth 2003, no pet. h.).

[42] *Id.* at 870.

[43] *See Peyton*, 2016 WL 2586698, at *4.

## D. The Court of Appeals did not properly consider the nature and circumstances of the Appellant's charged offense.

When considering bond amounts, the defendant's alleged offense and potential punishment are *primary* factors to be considered.[44] Appellant attempted to secure, and believed himself successful, in procuring the murder of his daughter's boyfriend.[45] Solicitation of Capital Murder is a first degree felony, punishable by up to five to ninety-nine years imprisonment or life. Even the Court of Appeals described Appellant's offense as "disturbing."[46] As discussed in Section I above, but for the fact that Appellant inadvertently contacted a police officer instead of a true hit man, Appellant would have succeeded in the murder of his intended victim.[47] AS the mens rea and actus reus are identical between Appellant and a defendant in a completed Capital Murder, the criminal culpability here is the factual equivalent of a Capital Murder for Hire. Therefore, the Court of Appeals should have used Capital Murder cases when comparing this bond amount to other cases.

In addition, the Court of Appeals erred in relying upon a survey of aged cases to serve as a basis for justifying its decision that Appellant's bond should be lowered.

---

[44] *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pet. ref'd).

[45] R.R. 3:8 (paying the remaining balance upon receiving "proof" showing the murder was carried out).

[46] *Peyton*, 2016 WL 2586698, at *5 (weighing this factor in favor of a high bond).

[47] *Supra* Section I.

20

When comparing a bond amount to others set by sister courts, courts of appeals should look to more recent cases, decided at least within the past decade.[48] The Texarkana Court of Appeals has even commented upon a party relying old cases to compare bond amounts.[49]

However, in its audit of bond amounts determined by various courts, the Court of Appeals cited old cases, one as far back as 1980,[50] when a new Corvette cost as little as $15,000.[51] The base price of a new 2016 Corvette Stingray is $55,400.[52] The Court's most recent case was still nine years old.[53] The Court of Appeals applied outdated data to improperly hold that the trial court committed abuse of discretion.

---

[48] *See Ex parte Guerra*, 383 S.W.3d 229, 233 (Tex. App.—San Antonio 2012, no pet. h.) (comparing cases up to ten years old); *Harber*, 2010 WL 5141509, at *2 (no older than four years prior to its decision); *Ex parte Bellanger*, No. 12–090–00246–CR, 2009 WL 4981457, at *3 (Tex. App.—Tyler 2009, no pet. h.) (not designated for publication) (as old as nine years prior to the decision); *Ex parte Brown*, 959 S.W.2d 369, 372 n. 2 (Tex. App.—Fort Worth 1998, no pet. h.) (no older than seven years). *But see Ex parte Bogia*, 56 S.W.3d 835 (Tex. App.—Houston [1st Dist.] 2001, no pet. h.) (as far back as twenty-one years older than the case at issue).

[49] *Ex parte Henson*, 131 S.W.3d 645, 648 (Tex. App.—Texarkana 2004, no pet. h.) (noting Appellant relied on numerous court decisions, "none of which are more recent than 1991. . ." but the State "cit[ed] more recent decisions," which occurred within four years of the case).

[50] *Peyton*, 2016 WL 2586698, at *5 (citing *Ex parte Parish*, 598 S.W.2d 872 (Tex. Crim. App. [Panel Op.] 1980)).

[51] Chevrolet Corvette (C3), WIKIPEDIA (2016), https://en.wikipedia.org/wiki/Chevrolet_Corvette_(C3) (last visited 19 May 2016).

[52] Corvette, CHEVROLET (2016), http://www.chevrolet.com/corvette-sports-cars.html (last visited May 19, 2016).

[53] *Peyton*, 2016 WL 2586698, at *5 (citing *Cooley v. State*, 232 S.W.3d 228 (Tex. App.—Houston [1st Dist.] 2007, no pet.)).

E. By relying on Appellant's testimony, the Court of Appeals replaced the trial court's credibility assessment of Appellant with its own, causing it to find that the *Rubac* factors weighed in favor of a lower bond.

In the section regarding the Rubac factors, the Court of Appeals repeated Appellant's testimony about: his age, the fact that he lived most of his life in Wichita Falls, his wife and friends are in Wichita Falls, he is unable to work, his prior arrests were minor, and the record did not contain aggravating circumstances about the charged offense.[54] The Court of Appeals once again, took the Appellant's words at face value. Ignoring this Court's standard of review granting deference to factfinders, which,

> [A]ccounts for the unparalleled position of the habeas judge to directly assess a witness's demeanor. While listening to testimony, the habeas judge is tuned in to how something is being said as much as to what is being said. The judge is acutely aware of a witness's tone of voice or inflection, facial expressions, mannerisms, and body language. There is no doubt that this type of assessment, the essence of which *a cold record rarely captures*, is a determinative factor in a trial judge's credibility assessment and factfindings.[55]

---

[54] *Peyton*, 2016 WL 2586698, at *5.
[55] *Reed*, 271 S.W.3d at 728 (emphasis added).

PRAYER

The State prays that the Court of Criminal Appeals grant discretionary review of the decision of the Court of Appeals, Second District, and ultimately, reverse its judgment, affirming the judgment of the 30th District Court of Wichita County, Texas.

Respectfully Submitted,

**Maureen Shelton**
Criminal District Attorney
Wichita County, Texas

/s/ Jennifer Ponder

**Jennifer Ponder**
Assistant Criminal District Attorney
Wichita County
State Bar No. 24083676
900 7th Street
Wichita Falls, Texas 76301
Tel.: (940)766-8113

## CERTIFICATE OF COMPLIANCE

I, the undersigned, certify that this document was produced on a computer using Microsoft Word and contains 3,387 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Jennifer Ponder

Jennifer Ponder

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on Friday, May 20, 2016, I served a copy of the State's Petition for Discretionary Review on the parties listed below by electronic service and that the electronic transmission was reported as complete. My e-mail address is Jennifer.Ponder@co.wichita.tx.us.

Brennon Brady
600 Scott Street, Rm 204
Wichita Falls, TX 76301
(940)766-7119
Brennon.Brady@co.wichita.tx.us

State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov

/s/ Jennifer Ponder

Jennifer Ponder

24

App 001

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

5/20/2016 3:42:41 PM

DEBRA SPISAK
Clerk

# Appendix

Ex parte Peyton, No. 02–16–00029–CR, 2016 WL 2586698 (Tex. App.—Fort Worth May 5, 2016).



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-16-00029-CR

EX PARTE JEFFREY PEYTON

----------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 56208-A

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Applicant Jeffrey Peyton appeals from the trial court's denial of his pretrial application for writ of habeas corpus seeking a bail reduction.[2]  Because we

---

[1]*See* Tex. R. App. P. 47.4.

[2]Because this is an appeal from the denial of an application for habeas corpus relief and not an appeal from an order setting bail or from the denial of a pretrial motion for bail reduction, we have jurisdiction over this appeal.  *See Ragston v. State*, 424 S.W.3d 49, 50 (Tex. Crim. App. 2014); *Ex parte Briscoe*, No. 02-15-00223-CR, 2015 WL 5893470, at *4 (Tex. App.—Fort Worth Oct. 8, 2015, no pet.) (mem. op., not designated for publication); *Vasquez v. State*, Nos.

conclude that the trial court abused its discretion by failing to reduce the bail amount based on the proffered evidence, we reverse the trial court's order and remand to that court to set a reasonable bail.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2015, a magistrate determined that there was probable cause to issue an arrest warrant for Peyton based on an affidavit sworn to by John E. Laughlin, a peace officer of the City of Wichita Falls Police Department. *See* Tex. Code Crim. Proc. Ann. art. 15.03(a) (West 2015). In the affidavit, Officer Laughlin stated that he had probable cause to believe that on June 30, 2015, Peyton committed the offense of "Criminal Solicitation – Capital Murder." *See* Tex. Penal Code Ann. § 15.03 (West 2011). Officer Laughlin further attested to the following sequence of events:

- On June 26, 2015, a cooperating witness contacted the Wichita Falls Police Department about a possible murder for hire. Officer Laughlin met with the cooperating witness who explained that Peyton and his wife had asked him to find a person willing to "take out" their daughter's boyfriend, Vincent Cole, for $300. The cooperating witness provided Officer Laughlin with recordings he had made of his conversations with Peyton and his wife. Officer Laughlin contacted Officer Karen Wade from the Organized Crime Unit to assist with the investigation.

- On June 29, 2015, the cooperating witness introduced Officer Wade to Peyton and his wife. Officer Wade recorded her conversation with Peyton and his wife, who stated that they were willing to pay to have their daughter's boyfriend gone "permanently." They arranged to meet with Officer Wade again the following day.

---

03-13-00717-CR, 03-13-00718-CR, 2014 WL 3732962, at *1 n.2 (Tex. App.—Austin July 25, 2014, no pet.) (mem. op., not designated for publication) (collecting cases).

2

- Around 11:00 a.m. on June 30, 2015, the cooperating witness took Peyton's wife to a bank at her request and direction and recorded the conversation that took place. Peyton's wife intimated that she was getting money from the bank to complete a transaction with Officer Wade. While talking about Cole, Peyton's wife stated, "I want him gone. Not out of town gone. I want him dead gone." Peyton's wife further stated that she and Peyton planned to take their daughter to a movie so that she would not be around "the day this happens."

- Around 12:30 p.m. on June 30, 2015, Officer Wade contacted Peyton by phone and explained that it would cost more than $300 to have someone kill Cole. Peyton then offered to pay $500 to have Cole killed.

- Around 1:45 p.m. on June 30, 2015, Officer Wade met Peyton in a parking lot. During the recorded meeting, Peyton gave Officer Wade three $100 bills and promised to pay an additional $200 after Cole was killed. Peyton also provided Officer Wade with a photograph of Cole. Officer Wade offered Peyton an opportunity to back out of the transaction, but Peyton refused and indicated that he and his wife wanted to go through with the plan.

- On July 2, 2015, Officer Laughlin contacted Cole and explained the preceding events. Cole agreed to cooperate with the investigation, and a photograph was created that made it look like he had been shot to death.

- Later on July 2, 2015, Officer Wade contacted Peyton by phone and arranged to meet him. When they met a short time later, Officer Wade showed Peyton the staged photograph of Cole. Peyton then gave Officer Wade $200.

After Peyton's arrest, bail was set at $1,000,000.[3] Peyton filed an application for writ of habeas corpus and argued that his bail was unlawfully excessive. Peyton requested that the trial court "grant him a personal recognizance bond or, in the alternative, set bail in a reasonable amount."

---

[3]As part of the conditions of bail, the magistrate ordered that Peyton "not make contact with the alleged victim, or any member of his family, nor cause any other person to make said contact."

At the hearing on Peyton's application for writ of habeas corpus, Peyton testified that he is fifty-eight years old and has lived in Wichita Falls for the majority of his life, including the past twenty-five years. Peyton does not have family members who are still alive, other than his wife. Peyton served in the United States Navy from 1974 to 1978 and received an honorable discharge. He testified that he had never been convicted of a felony but admitted that he had been arrested several times for public intoxication and one time on a warrant for an unpaid ticket for no automobile insurance.

Peyton testified that he is unable to make bail while it is set at $1,000,000. He explained that he is unable to work due to a disability and that he receives veterans' benefits and Social Security disability benefits totaling approximately $1,240 each month. At the time he requested court-appointed counsel, he had approximately $1,500 in the bank, owned a nonoperational vehicle worth approximately $500, and owned furniture or jewelry worth approximately $500. He does not own a house. Peyton testified that he has the ability to make bail if it is set at $10,000 because he can sell his firearms. Peyton said that if he were released, he would live with a friend at the French Quarter Apartments and that he could obtain rides from friends to appear for any court dates. Peyton testified that he is willing to comply with conditions of bail such as curfew, home confinement, electronic monitoring, and drug testing and that he is willing to seek court approval before leaving the state for any trips to the VA hospital in

Oklahoma City. Peyton said that he has every intention of fighting the charges alleged.

In opposing any reduction in the bail amount, the State admitted into evidence Officer Laughlin's probable-cause affidavit, the relevant portions of which are set forth above, and asked the trial court to take judicial notice of the indictment. The State then rested.

The trial court denied Peyton's application and continued bail in the amount of $1,000,000.[4] Peyton then filed this appeal, and we requested briefing. *See* Tex. R. App. P. 31.1.

### III. STANDARD OF REVIEW AND LAW ON BAIL

We review a trial court's ruling on the setting of bail for an abuse of discretion. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015); *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the trial court's action was arbitrary or unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Merely because a trial court may decide a matter within its discretion in a different

---

[4]After the trial court announced its decision on the record, Peyton argued that his situation raised the same constitutional concerns addressed in Judge Cochran's concurring opinion to the refusal of the petition for discretionary review in *Ex parte Benefield*. 403 S.W.3d 240 (Tex. Crim. App. 2013) (Cochran, J., concurring). The trial court stated that it was familiar with that case but did not change its ruling.

manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

The primary purpose of an appearance bond is to secure the presence of the defendant at trial on the offense charged. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). Federal and state law both prohibit the imposition of excessive bail, which is bail that is "set in an amount greater than is reasonably necessary to satisfy the government's legitimate interests." *Ex parte Beard*, 92 S.W.3d 566, 573 (Tex. App.—Austin 2002, pet. ref'd); *see* U.S. Const. amend. VIII; Tex. Const. art. I, § 13. The defendant bears the burden of proving that bail, as set, is excessive. *Rubac*, 611 S.W.2d at 849. Bail may be deemed oppressive when the trial court sets it at an amount "for the express purpose of forcing [a defendant] to remain incarcerated." *Ex parte Harris*, 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.).

Statutory and common-law factors guide a trial court's determination of appropriate bail. The code of criminal procedure provides,

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate[,] or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.

6

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15. In addition to these statutory factors, the court of criminal appeals has instructed courts to also consider the accused's work record, the accused's family ties, the accused's length of residency, the accused's prior criminal record, the accused's conformity with the conditions of any previous bond, the existence of any outstanding bonds, and aggravating circumstances alleged to have been involved in the charged offense. *Rubac*, 611 S.W.2d at 849–50.

## IV. TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO REDUCE BAIL

We recognize that any review of a bail determination is, by nature, imprecise, but we are guided by article 17.15. *See Ex parte Pemberton*, 577 S.W.2d 266, 267 (Tex. Crim. App. [Panel Op.] 1979).

### A. Statutory Factors

### 1. Assure Appearance Without Oppression

### (First, Second, and Fourth Factors)

The primary purpose in setting a bail amount and the first listed factor in article 17.15 is the reasonable assurance that the applicant will appear for court. *See* Tex. Code Crim. Proc. Ann. art. 17.15(1); *Vasquez*, 558 S.W.2d at 479. Peyton testified that he has lived in Wichita Falls for the majority of his life,

7

including the past twenty-five years. Peyton said that if he were released, he would live with a friend at an apartment complex in Wichita Falls and would be able to obtain transportation to any court appearances. Peyton testified that he would comply with any conditions of bail that might be imposed and that he would seek court approval before leaving the state for any trips to the VA hospital in Oklahoma City. The State presented no evidence that Peyton is a flight risk or that he has outstanding bonds or warrants. Based on these facts, the trial court had reasonable assurance that Peyton would appear for court; thus, this factor indicates that a reduction in bail is appropriate. *Cf. In re Durst*, 148 S.W.3d 496, 501 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (op. on reh'g) (considering conditions imposed by trial court to ensure defendant's appearance and reducing bail to $150,000 for each of three third-degree felonies charged).

With regard to the second factor—that bail not be oppressive, the record demonstrates that Peyton is disabled, has minimal assets and income, and does not have the ability to satisfy a $1,000,000 bail bond. *See* Tex. Code Crim. Proc. Ann. art. 17.15(2). This factor demonstrates that bail in the amount set is oppressive. *See Ex parte Bogia*, 56 S.W.3d 835, 840 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (holding that $360,000 bail for second-degree felony of theft was oppressive because it was not justified by any unusual circumstances).

Similar to the second factor, the fourth factor mandates consideration of an applicant's ability to make bail, which is relevant but not controlling. *See* Tex. Code Crim. Proc. Ann. art. 17.15(4); *Ex parte Sabur-Smith*, 73 S.W.3d 436, 440

8

(Tex. App.—Houston [1st Dist.] 2002, no pet.). Bail set in an amount that cannot be satisfied has the potential to displace the presumption of innocence. *See Bogia*, 56 S.W.3d at 840. The record is clear that Peyton cannot satisfy a $1,000,000 bail bond and that he does not have any family to assist him in making bond. Peyton does not own a house or an operational vehicle and is disabled and therefore unable to work; his monthly income consists of $367 in veterans' benefits and an unspecified amount in Social Security disability benefits. Peyton testified that he could satisfy a bail of $10,000 by selling some guns that he owns. This factor weighs in favor of reduced bail. *See* 41 George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice & Procedure* § 21:27 (3d ed. 2011) (stating that "the less resources he has, the more likely it will be that a lower amount will create a sufficient incentive to appear").

## 2. Nature of the Offense (Third Factor)

With regard to the third factor—the nature of the offense and the circumstances under which it was committed, the record includes the probable-cause affidavit, which was admitted into evidence by the State at the hearing. *See* Tex. Code Crim. Proc. Ann. art. 17.15(3). The facts in the probable-cause affidavit are disturbing and allege that Peyton was involved in soliciting someone to murder his daughter's boyfriend. If convicted of criminal solicitation to commit capital murder, which is a first-degree felony, Peyton faces a punishment range of five to ninety-nine years' confinement and a possible fine not to exceed

$10,000. *See* Tex. Penal Code Ann. § 12.32 (West 2011), § 15.03(d)(1). The severity of the offense justifies a high bail amount.

In other cases involving solicitation of capital murder, courts have approved bail in amounts ranging from $20,000 to $750,000—with the higher end of the range used for multiple charges of solicitation of capital murder. *See, e.g.*, *Ex parte Parish*, 598 S.W.2d 872, 873 (Tex. Crim. App. [Panel Op.] 1980) (reducing bail from $100,000 to $20,000 on solicitation of capital murder charge); *Cooley v. State*, 232 S.W.3d 228, 238 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (upholding total bail of $750,000 on three solicitation of capital murder charges); *Ex parte Chachere*, No. 03-01-00404-CR, 2002 WL 99642, at *4 (Tex. App.—Austin Jan. 25, 2002, no pet.) (not designated for publication) (reducing bail from $700,000 to $250,000 on solicitation of capital murder charge); *Perry v. State*, No. 14-99-01161-CR, 1999 WL 1267196, at *3 (Tex. App.—Houston [14th Dist.] Dec. 30, 1999, no pet.) (not designated for publication) (upholding $100,000 bail on solicitation of capital murder charge); *Ex parte Welch*, 729 S.W.2d 306, 310 (Tex. App.—Dallas 1987, no pet.) (upholding total bail of $300,000 on two pending solicitation of capital murder charges). *But see Ex parte Pulte*, No. 02-03-00202-CR, 2003 WL 22674734, at *2 (Tex. App.—Fort Worth Nov. 13, 2003, no pet.) (not designated for publication) (holding $1,000,000 bail not excessive for solicitation of murder when record showed that defendant possessed assets, defendant had failed to offer evidence of bond he could make, and defendant had committed offense for which bail was sought

while on bond for related offense). However, "'[c]ase law is of relatively little value in addressing the ultimate question of the appropriate amount of bail in a particular case' because . . . the 'cases are so individualized that generalization from results reached in others is difficult.'" *Beard*, 92 S.W.3d at 571 (citing 41 George E. Dix. & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 16.51 (2d ed. 2001)). In any event, while the nature-of-the-offense factor justifies setting a significant bail amount, $1,000,000 exceeds the upper end of the range of approved amounts for bail in cases involving solicitation of capital murder.

### 3. Safety (Fifth Factor)

The fifth factor we consider is the future safety of the community. *See* Tex. Code Crim. Proc. Ann. art. 17.15(5). Peyton has no prior felony convictions. Peyton's bail contains the condition that Peyton "not make contact with the alleged victim, or any member of his family, nor cause any other person to make said contact." This factor, while difficult to analyze, reflects that the high amount of Peyton's bail is not sufficiently related to community safety. *See Briscoe*, 2015 WL 5893470, at *4 (citing 41 Dix & Schmolesky*, supra*, § 21:29).

### B. Other Considerations

Finally, we look to other relevant considerations. Peyton, who is fifty-eight years old, has lived in Wichita County the majority of his life, including the last twenty-five years. Although most of his family is now deceased, he still has his wife and friends in Wichita Falls. Peyton is not able to work due to a disability.

11

Peyton's only prior arrests were for public intoxication and a warrant for failing to pay a ticket for no automobile insurance. The record does not contain evidence regarding any aggravating circumstances alleged to have been involved in the charged offense. These considerations demonstrate that although Peyton was arrested for a first-degree felony, he has "an incentive to remain despite the possibility of conviction and sentence," and he testified that he has every intention of fighting the charges alleged. *See id.* (citing 41 Dix & Schmolesky, *supra*, § 21:30).

## C. Outcome

Although the nature of the offense and the circumstances surrounding it are severe, the other factors to be considered in setting reasonable bail establish that the $1,000,000 bail set here is excessive because it is set in an amount greater than necessary to ensure Peyton's appearance. Because Peyton has carried his burden of proving that bail in the amount of $1,000,000 is excessive, we hold that the trial court abused its discretion by failing to reduce the bail amount based on the evidence before it. *See* Tex. Code Crim. Proc. Ann. art. 11.24 (West 2015) ("If the proof sustains the petition, it will entitle the party to . . . have the bail reduced."); *Parish*, 598 S.W.2d at 873 (reducing bail from $100,000 to $20,000 for solicitation of capital murder); *see also Briscoe*, 2015 WL 5893470, at *4 (holding that $1,000,000 bail in injury-to-a-child case was excessive and that trial court abused its discretion by failing to reduce that amount).

## V. CONCLUSION

We therefore reverse the trial court's order denying habeas relief and remand this case to the trial court to set a reasonable bail; to determine what additional conditions, if any, should be imposed; and to allow the State and Peyton to present any additional evidence or argument that the trial court deems relevant to each of the factors discussed above. *See* Tex. R. App. P. 31.3; *Ex parte Brooks*, 376 S.W.3d 222, 224 (Tex. App.—Fort Worth 2012, pet. ref'd.).

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 5, 2016